James S. Walker, et al., plaintiffs in error vs. 'Nathaniel F. Walker, Ex'or &c., defendant in error.

[1.] The minutes of arbitrators in a cause referred to them, cannot be made a part of the record of the cause.

[2.] A bill of exceptions (and bond and security given and costs paid) to the

Walker et al. vs. Walker, ex'or.

judgment of the Court, ordering an award of arbitrators *to be entered on the minutes of the Court*, does not suspend proceedings in the same, on a motion to make the award the judgment of the Court, the motions being distinct and independent of each other.

Award, from Upson county. Decided by Judge CABINESS, May Term, 1857.

A suit in equity was commenced in the Court below, and by consent of the parties, the matters in dispute were refer-red to arbitration, and two arbitrators, Washington Poe and Thomas P. Stubbs, appointed. These arbitrators made their award, to which exceptions were filed by the defendant in the suit.

Upon motion on behalf of the plaintiff, the defendant ob-jecting, the award was entered on the minutes of the Court. To which decision defendant excepted, tendered his bill of exceptions, which was signed and certified, and cost paid, and gave bond and security as provided by law.

Afterwards, complainants moved to make the award the judgment of the Court, and to enter the minutes of the arbi-trators upon the minutes of the Court, and to make them a part of the record of the case.

The Court refused this motion and counsel for complain-ants excepted.

STUBBS & HILL ; GOODE, SMITH and CHAPPELL, for plain-tiffs in error.

GIBSON, COBB, GREEN and PEEPLES, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

This cause had been referred to arbitration by agreement of the parties, in writing. When the award was returned into Court, it was, on motion of complainant's counsel, en-tered on the minutes of the Court, the defendant's counsel

opposing it. Defendant's counsel excepted to the decision of the Court. They made out and tendered a bill of exceptions, which was signed and certified by the presiding Judge. The defendants paid the cost and gave bond and security. Afterwards, complainant's counsel moved the Court to enter the award of the arbitrators on the minutes, and to make it the judgment of the Court, and to cause the minutes of the arbitrators to be made a part of the record of the cause.

[1.] Two distinct motions were entered on the motion docket; one to make the minutes of the arbitrators a part of the record in the cause; and the other to make the award of the arbitrators the judgment of the Court. The Court refused the motion to make the minutes of the arbitrators a part of the record of said cause. It was debated before us whether this proceeding was had under the Act of 1856, or that of 1799.

We affirm that part of the judgment of the Court, under whatever Act it may have been had. If under the Act of 1799, the Court had no authority except to make the award the judgment of the Court, if not subject to legal objection. Under the Act of 1856, it had no authority beyond allowing it to be entered on the minutes of the Court. If it was subject to either of the objections allowable against it by that Act, it was a matter to be heard afterwards.

When the other motion was called for a hearing, viz: to make the award the judgment of the Court, the defendant's counsel tendered written exceptions to the award, supported by affidavit. The complainants traversed the said exceptions and made up an issue of fact thereon. The defendant's counsel protested against further proceeding with the said motion on the ground that a bill of exceptions had been made out, tendered to the presiding Judge, signed and certified by him on the judgment of the Court, ordering the award to be entered on the minutes of the Court, and that bond and security had been given, and the costs paid. The Court below held that this proceeding suspended the cause,

and refused to proceed with said motion or the exceptions and issue made thereon.

We think that the presiding Judge in the Court below erred in this decision. The award had, by the previous order, been entered on the minutes of the Court, but it had not been made the judgment of the Court. The reference was certainly under the Act of 1799. It was made by agreement of parties in writing, and it was an agreement to refer a cause pending in Court.

The only proper motion was to make the award the judgment of the Court. The order of the Court to which the bill of exceptions applied was simply to put the award on the minutes. That order did, not stand in the way of the application to make it the judgment of the Court, for it was' not a preliminary step to it in any way, and was entirely independent of it.

The judgment of the Court below must be reversed on this last ground, which leaves the cause to be heard on the motion to make the award the judgment of the Court, the exceptions thereto, and the traverse or issue of facts made up on the exceptions.

Judgment reversed.