### 1121. EDWARDS, *alias* BEE HIVE *v.* THE STATE.

The judge did not abuse his discretion in refusing to grant a new trial on account of the alleged newly discovered testimony.

Indictment for robbery, from Glynn superior court—Judge Littlejohn. March 7, 1908.

Submitted May 5,—Decided May 18, 1908.

*Francis H. Harris,* for plaintiff in error.

*John W. Bennett, solicitor-general,* contra.

POWELL, J. The defendant, who bears the unique alias of "Bee Hive," was indicted along with two other negroes, Lockett Walker and Red Henderson, for a robbery alleged to have been committed upon Lewis Clark. This defendant was severally tried and convicted; and his case is now in this court upon exceptions to the overruling of a motion for a new trial, based chiefly on the ground of newly discovered testimony. The testimony of the State established that the three defendants, together with two other unidentified negroes, "held up" the prosecutor and robbed him shortly before midnight of the Saturday immediately preceding last Christmas. The showing as to the newly discovered testimony begins with an affidavit by the defendant and his counsel, stating that they did not know of the new testimony "before the trial," and that by the exercise of ordinary diligence they could not have discovered it. It may be noted that this affidavit does not show that the testimony did not become known to them pending the trial and at a time when it could have been made available; also that the affidavit states the mere conclusion that client and counsel used diligence to discover the testimony, without giving any of the particulars upon which the conclusion is based. The next affidavit presented is that of the joint defendant Lockett Walker, who testified on the trial that he never saw the defendant Bee Hive at all on the night of the robbery, and that he saw the prosecutor only for a moment early that evening when he waited on him as a customer in a barroom in which he was working. In this affidavit he swears, that he saw "Lewis Clark [the prosecutor], Red Henderson, and Bud Williams, gambling in a room of Bud Williams on Sunday morning, December 22, 1907; that Lewis Clark gambled away some of his money in the game." Next an affidavit from Ella Carter is submitted. She says, that she saw Lewis Clark

leave the room of Bud Williams on Sunday morning, December 22, 1907; and that there had been boisterous conduct in the room on the night before; that as soon as the present defendant was arrested, Red Henderson and Bud Williams left town; they were afraid they would be arrested for gambling; she heard Bud Williams say so. Next John Carter makes oath that Red Henderson wrote to him from Jacksonville, Florida, that he and Williams were gambling with the prosecutor on the night named. Mary Williams deposed to the effect that she had occasion to pass by the room of Bud Williams on the Sunday morning mentioned, that she saw money and cards on a table, and that she saw Bud Williams and a "short, light-skinned man resembling Lewis Clark" on the bed. Then comes a letter unsigned, but said to have been written by the joint defendant Red Henderson. This document is valuable from a sociological as well as an evidentiary standpoint. In addition to presenting a most perfect example of a negro's way of thinking, it, of course, discloses the source of the suggestion out of which sprang the palpable fabrication which these negroes are now trying to put up in behalf of their confrère who has haplessly become ensnared in the toils of justice. "Amici probantur rebus adversis." The letter is as follows: "Jacksonville, Fla. 1/24/08. Mrs. Jane My dear wife, yours of inst duly come to hand and found me well but still grieving about you. Jane what I want you to do is to see Lockett and ask him what they have him up for, whether it is for gambling or robbing, tell him to explain himself because I want to come home and if I keep on freeting about you like I am I will come I don't care what happens just so I see you now Jane when you go to see Lawyer Harris again find out what charge they have against me whether it is for gambling or robbing and if he says for robbing, tell him that we did not rob anybody, but we were gambling. Now, dont you pay Lawyer Harris any more money until you find out how Lockett come out, and if he ask you for any more why you tell him that you will give it to him in a few days, but be sure and not give it to him until you hear how Lockett come out and you may save that much. Now dear I know how I left you and I want you to remember which side of the bed I sleep on and if my pillow is laying up and down the bed why let it sleep there until I come. Answer this letter at once because I am thinking of leaving here for times is

dull, I haven't made 3 whole days since I was here, it is no vessels or nothing here worth talking about, everything is on a loaf. from your dear husband.   address 912 Hickry St."

*Judgment affirmed.*