24539. BIVINS *v.* McDONALD, Judge.

DECIDED DECEMBER 18, 1934.

*Watts Powell, McDonald & McDonald,* for movant.
*Allan C. Garden, solicitor-general,* contra.

GUERRY, J. Bivins was convicted at the May term, 1932, of the superior court of Dooly county, of the offense of embezzlement of funds of Vienna State Bank. He filed his motion for a new trial, which was overruled by the trial court on the 10th of September, 1932, and the case was brought to this court for review. The judgment of the lower court was affirmed by this court on the 3d

of August, 1933. A petition for certiorari was presented to the Supreme Court, and was denied on the 25th of October, 1933, but was not sent back to this court until March 9, 1934. No judgment was taken on the remittitur sent from this court to the lower court until the November term, 1934, of Dooly superior court. At that term an extraordinary motion for a new trial was presented to the trial judge, alleging that a named member of the jury which tried the case was related, within the prohibited degree, to one of the depositors in the bank the funds of which the accused was charged with having embezzled. The motion was supported by affidavits, and it was also shown that neither the movant nor his counsel had notice of this relationship until November 21, 1933. The court denied the extraordinary motion and refused to certify the bill of exceptions complaining thereof. Movant then filed, in this court, a petition for mandamus against the trial judge.

It is apparent from the record that the facts alleged were known to the movant and his counsel for at least a year before they were brought to the attention of the trial court, and that three terms of Dooly superior court had elapsed since such knowledge came to the movant and his counsel before the same was brought to the attention of the court. The judgment of the court on the original motion had already been affirmed by this court on August 3, 1933. The Supreme Court had denied the petition for certiorari on October 25, 1933, although the case was not sent back to this court until March 9, 1934. The clerk's record shows that the remittitur was mailed on that date to Dooly superior court, although it seems not to have arrived there, and on notice of this fact a duplicate remittitur was sent in November, 1934, and a judgment taken on the remittitur at that time.

The question to be decided in this case is whether the movant and his counsel, after having obtained knowledge of the alleged relationship of the juror within the prohibited degree to a depositor in said bank, in November, 1933, were guilty of laches in not filing their motion or bringing the matter to the attention of the trial court, although the remittitur had never been sent down and made the judgment of the trial court. In other words, does the pendency of a case in this court prevent the filing of an extraordinary motion for a new trial in the court below, and does that court have jurisdiction to consider and determine matters em-

braced in an extraordinary motion while the main case is pending in this court.

It will be borne in mind that an extraordinary motion for a new trial is in the nature of a bill in equity. In *East Tennessee, Va. & Ga. R. Co.* v. *Whitlock, 75 Ga. 77*, it was said: "A motion for new trial in extraordinary cases, as provided for by the Code, is intended in a great measure to take the place of a bill in equity, for a new trial." See also *Norman* v. *Goode, 121 Ga. 449* (49 S. E. 268); *Cox* v. *State, 19 Ga. App. 283* (91 S. E. 422). The equitable principle that to the vigilant and not to the sleeping does equity come, is also applicable. In *Cox* v. *State*, supra, it was said: "An extraordinary motion for new trial institutes an entirely new case requiring discretionary action on the part of a judge having jurisdiction thereof, to bring it into actual existence as a cause in the courts." It seems clear in this case that if the facts as set forth in the motion,—that is the relationship of a juror to a depositor in the bank claimed to have been defrauded,—are true, an extraordinary motion for a new trial should be granted, provided due diligence has been shown. *Crawley* v. *State, 151 Ga. 818* (3) (108 S. E. 238, 18 A. L. R. 368). The granting of extraordinary motions for a new trial are not favored, and the movant in such cases must show that he has used all diligence before the trial and during the pendency of the motion for new trial, and it must also appear "that diligence was manifested by counsel in moving on these extraordinary grounds and in bringing the facts before the superior court *as soon as discovered.*" (Italics ours.) *Smith* v. *State, 2 Ga. App. 581* (59 S. E. 311). The affidavits must also show that the ground of the extraordinary motion was not discovered at a time when it could have been made available. *Edwards* v. *State, 4 Ga. App. 390* (61 S. E. 502). This court will not by mandamus compel a judge to certify a bill of exceptions assigning error upon the refusal of a judge to entertain an extraordinary motion for a new trial and grant a rule nisi thereon, when it appears that the motion is without merit. *Harris* v. *Roan, 119 Ga. 379* (6) (46 S. E. 433). This is also true when it is apparent from the motion itself that the facts alleged therein were not promptly brought to the attention of the trial court when discovered. It is provided in the Civil Code (1910), § 6089, that a motion for a new trial must be filed at the term in which it is

tried and within thirty days from the trial, or the movant loses his rights. Extraordinary motions do not stand in the same favor as ordinary motions for a new trial. If the movant fails to exercise due diligence in the discovery of the alleged facts upon which the extraordinary motion is based he will not be entitled to have such matters considered by the trial court. If the alleged facts were known before the trial or during the pendency of the motion for a new trial at a time when they could have been made available, they do not afterwards become available as a ground for an extraordinary motion for a new trial.

Even after the motion for a new trial has been denied, and while the case is pending in a court of review, facts which come to the attention of the movant or his counsel which would cause a different verdict, or the grant of a new trial on grounds not urged in the case pending in the court of review, and which thus make the questions there pending moot, should be presented to the trial court at the earliest opportunity.

It is true that a trial judge loses jurisdiction of a case which has been taken to a court of review, whenever he signs the bill of exceptions, and as to all matters covered therein he is without further authority. *Howard* v. *Lowell Machine Co.*, 75 *Ga.* 325 (1 *a*); *Pryor* v. *Pryor*, 164 *Ga.* 7 (137 S. E. 567). We have this rule laid down in Elliott on Appellate Procedure, § 545: "The general rule that a case leaves the jurisdiction of the trial court when an appeal is perfected is not impinged by holding that purely collateral or supplemental matters are left under the control of the trial court notwithstanding the loss of jurisdiction over the case taken to the higher court." Quoting further: "Matters independent of and distinct from the questions involved in the appeal are not taken from the jurisdiction of the trial court. Such matters as the appeal does not cover are purely collateral or supplemental, lying outside the issues framed in the case, or arising subsequent to the delivery of the judgment from which the appeal is prosecuted." It is true that whatever might have been litigated in the court below is a part and parcel of the case and is covered by the ruling thereon, and the trial judge is without jurisdiction, after appeal and certification of the bill of exceptions, to further exercise control or direction thereof. However, an extraordinary motion for a new trial, by its very nature and as a condition precedent to its existence,

is concerned with matters not brought up or determined in the main case; for if it should appear that such matters could have been or should have been brought up and determined, by the exercise of due diligence, in the first trial, the reason for the extraordinary motion falls. Matters which are peculiarly within his jurisdiction and which were not, and from the very nature of the thing applied for could not, have been part of the original motion, and the exceptions taken thereto, are, because of their equitable nature, still within the jurisdiction of the trial court. An extraordinary motion is a new cause. Matters coming to the attention of the movant or his counsel which would authorize the grant of an extraordinary motion for a new trial are still within the jurisdiction of the trial court although the main case may be pending in a court of review, and the failure of the movant or his counsel to properly bring such matters to the trial court as soon as practicable after their discovery constitutes a lack of due diligence. Such a motion may not be made except in term time; and it is a lack of due diligence, which will prevent the grant of an extraordinary motion, where its grounds were known to the movant and his counsel and were not urged at succeeding terms of the court, and not until the main case had been adjudicated adversely to him by a court of review. The movant should bring such matters to the attention of the trial court as soon as discovered. One bite at the cherry is enough. If one has two shells in his gun he must fire both. He may not wait to see whether his shot is successful and then use the other barrel in the event that it is a failure. The court did not err in overruling the extraordinary motion and in refusing to certify such action to this court.

*Mandamus absolute denied. MacIntyre, J., concurs. Broyles, C. J., concurs specially.*

Broyles, C. J., concurring specially. I agree with my colleagues that the mandamus absolute should be denied, but not for the reasons given by them. It is well settled that where a motion for new trial, made at the term of the court at which the verdict complained of was rendered, has been overruled, and the decision affirmed by this court, "to authorize a second motion the extraordinary state of facts relied upon in support of the motion must have been unknown to the movant and his counsel *at the time of the first motion, and impossible to have been ascertained by the exercise of proper diligence for that purpose.*" (Italics ours.) *Farmers Warehouse* v. *Boyd,* 31 *Ga. App.* 104 (3) (119 S. E. 542).

304

In the extraordinary motion for a new trial in the instant case it is not shown, nor even alleged, that the extraordinary state of facts relied upon in support of the motion could not have been discovered *at the time of the first motion* by the exercise of due diligence on the part of movant or his counsel. It follows that the trial judge, in refusing to entertain the motion, did not abuse the broad discretion vested in him in such a case. The fact that the judge gave another reason for his refusal to entertain the motion is immaterial. It has been ruled in repeated decisions of the Supreme Court and of this court that where the action of the trial judge is proper and legally justified for a reason other than that assigned by him, his judgment will be affirmed.

The judge, having properly refused to entertain the extraordinary motion for a new trial, did not err in declining to certify the bill of exceptions assigning error on such refusal.