## 38386. COHRAN v. CARLIN et al.

HILL, Presiding Justice.

Stan and Margaret Carlin filed a complaint against their former attorney, Larry Cohran, alleging, inter alia, legal malpractice. Cohran answered and filed a counterclaim against the Carlins and a third party complaint against the Carlins' current attorneys, alleging that the Carlins and their attorneys have conspired to breach a contract between the Carlins and Cohran, and to harass Cohran.

The third party defendants filed a motion to dismiss or in the alternative for summary judgment. On the same day that the trial court granted this motion, the trial court entered two orders requiring defendant Cohran to answer certain interrogatories and provide certain discovery, all of which related to the plaintiff's claim against defendant Cohran. Meanwhile Cohran paid all costs and filed a timely notice of appeal to the Court of Appeals from the order granting the third party defendants' motion to dismiss or in the alternative for summary judgment. When Cohran failed to comply with the discovery orders, he was adjudged in contempt. Upon being adjudged in contempt he appealed that order, contending that the trial court had been deprived of jurisdiction over the case when he paid the costs and filed the notice of appeal from the order granting the third party defendants' motion.

In *Cohran v. Jones,* 160 Ga. App. 761 (288 SE2d 80) (1981), hereinafter identified as the "third party defendants' case," Cohran argued that the trial court had granted summary judgment to the third party defendants and thus had entered an order appealable by right. See Code Ann. § 81A-156 (h). The Court of Appeals held that the trial court had simply granted a motion to dismiss, and that such order was not final and thus was not appealable absent compliance with the procedures for interlocutory appeal. See Code Ann. § 6-701. The court therefore dismissed the appeal.

Simultaneously, in *Cohran v. Carlin,* 160 Ga. App. 762 (288 SE2d 81) (1981), hereinafter identified as the "contempt case," the Court of Appeals held that since the appeal in the third party defendants' case was a nullity, the notice of appeal in that case did not effect a supersedeas. Thus the Court of Appeals concluded that the trial court had not lost jurisdiction and the contempt orders were valid.

We granted certiorari to consider both opinions of the Court of Appeals. Because of our resolution of the contempt case, *Cohran v. Carlin,* supra, 160 Ga. App. 762, however, we find it unnecessary to review the decision in the third party defendants' case, *Cohran v. Jones,* supra, 160 Ga. App. 761, and the writ of certiorari in that case is

dismissed.

In the contempt case, Cohran contends that he could not be held in contempt for failure to comply with discovery orders relating to the plaintiff's case against him when he had appealed the grant of a summary judgment in favor of the third party defendants. This argument is based upon the proposition that in civil actions (other than injunctions) the trial court loses jurisdiction upon the filing of a notice of appeal. See Georgia Practice and Procedure, 4th ed., § 20-10 at p. 320 (1975). We granted certiorari to consider the application of this proposition to the factual situation presented by this case.

In *Walker v. Walker,* 25 Ga. 257, 260 (1858), the court entered an order which was promptly appealed. Because of the supersedeas effected by the appeal of the first order, the trial court later refused to rule on a motion to enter a second order. This court reversed, finding that the first order "was not a preliminary step to it [the second order] in any way, and was entirely independent of it."

Although *Howard v. Lowell Machine Co.,* 75 Ga. 325 (1885), was an equity case, its reasoning is applicable here. There a restraining order was entered against multiple defendants. After hearing, the restraining order was rescinded as against one defendant and a temporary injunction was entered as to the other defendants. The plaintiff appealed the denial of injunctive relief as to the one defendant. Later the court dissolved the temporary injunction as to all defendants except one and the plaintiff again appealed, contending that the court had no power or authority to pass the second order. While recognizing that "The general rule is that, while a case is pending in this court on writ of error, further action by the court below in that case is *coram non judice* and void," the court held "that the filing of the [first] bill of exceptions did not remove the entire case to this court, so as to prevent further action by the chancellor as between the complainant and defendants who were not parties to that writ of error." 75 Ga. at 325. See also *Massachusetts Bonding &c. Co. v. Realty Trust Co.,* 139 Ga. 180 (2) (77 SE 86) (1912).

In *Bivins v. McDonald,* 50 Ga. App. 299, 302 (177 SE 829) (1934), the court noted, "It is true that a trial judge loses jurisdiction of a case which has been taken to a court of review, whenever he signs the bill of exceptions, and *as to all matters covered therein* he is without further authority." (Emphasis supplied.) However, the court went on: " 'Matters independent of and distinct from the questions involved in the appeal are not taken from the jurisdiction of the trial court.' " Id., quoting Elliott on Appellate Procedure, § 545.

In *Southeastern Wholesale Furn. Co. v. Atlanta &c. Co.,* 84 Ga. App. 271, 276 (66 SE2d 68) (1951), the court said: "Thus, while the

trial judge, after certifying the bill of exceptions, loses jurisdiction of every issue presented therein, the case is still pending in the trial court, and he may conduct interlocutory matters, allow pleadings, and proceed with the trial of the case, subject to the peril that any decision reached which conflicts with the decision of the appellate court when rendered will thereby be made nugatory."

In *Young v. Reese,* 119 Ga. App. 179 (1) (166 SE2d 420) (1969), the court held that it was not error for the trial court to try the case while the overruling of defendants' motions to dismiss was on appeal.

In *Turner v. Harper,* 233 Ga. 483 (211 SE2d 742) (1975), the trial court overruled defendants' motion to dismiss the complaint and certified that order for interlocutory appeal, the defendants appealed the overruling of their motion to dismiss, the trial court later granted plaintiff's motion for summary judgment, and the defendants appealed the summary judgment arguing that the trial court was without authority to enter summary judgment while the case was on appeal. This court held that the trial court had jurisdiction to enter summary judgment pending the appeal. Although the court based its decision on the fact that the first appeal was from an interlocutory order certified for appeal, the decision could have been based on the fact that the appeal was interlocutory.

Therefore, pursuant to Code Ann. § 6-1002, a notice of appeal, with payment of costs, serves as a supersedeas of the judgment (unless supersedeas bond be required), and "while on appeal, the trial court is without authority to modify such judgment." *Park v. Minton,* 229 Ga. 765, 769 (194 SE2d 465) (1972); *Walker v. Walker,* 239 Ga. 175 (236 SE2d 263) (1977). But the notice of appeal supersedes only the judgment appealed; it does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal. *Walker v. Walker,* supra; *Bivins v. McDonald,* supra.

Assuming arguendo that the trial court's order was a grant of summary judgment in favor of the third party defendants (a matter which we do not decide) and that Cohran therefore had a right to appeal that order, Code Ann. § 81A-156 (h), we nonetheless hold that the trial court retained jurisdiction of the main action (the Carlins' suit against Cohran) and could proceed to enter orders as necessary and appropriate in that matter; i.e., the trial court retained jurisdiction to compel discovery in the pending action and to adjudicate persons who violate its discovery orders to be in contempt.

This holding will allow discovery to continue as to matters pending in the trial courts notwithstanding the grant and appeal of summary judgments as to counterclaims, cross claims and third party complaints or the grant and appeal of partial summary judgments. If the trial judge's order is found to be correct on appeal, as it is in the

clear majority of cases, the final trial and disposition of the litigation will have been expedited. See *Young v. Reese,* supra.

The trial court retained jurisdiction of the Carlins' suit against Cohran, and the discovery and contempt orders entered in that action were valid notwithstanding the appeal as to the third party complaint. Therefore the judgment in *Cohran v. Carlin,* supra, 160 Ga. App. 762, is affirmed.

*Writ of certiorari in Case No. 63158 dismissed; judgment in Case No. 63237 affirmed. All the Justices concur.*

DECIDED MAY 25, 1982 —
REHEARING DENIED JUNE 22, 1982.

*Hylton B. Dupree, Jr., Mark A. Johnson, Roy E. Barnes,* for appellant.
*Taylor W. Jones, M. Jerome Elmore,* for appellees.