76612. ARGONAUT INSURANCE COMPANY v. ATLANTIC WOOD INDUSTRIES, INC.
(370 SE2d 770)

CARLEY, Judge.

This is a companion case to the appeal and cross-appeal in *Argonaut Ins. Co. v. Atlantic Wood Indus.*, 187 Ga. App. 471 (370 SE2d 765) (1988). For purposes of deciding this appeal, it is necessary only

to state that, while the appeal in *Argonaut Ins. Co.* was pending in this court, appellee-plaintiff Atlantic Wood Industries, Inc. (Insured) nevertheless attempted to engage in ongoing discovery with regard to the underlying action and, to that end, it sought to depose an agent of appellant-defendant Argonaut Insurance Company (Insurer). The Insurer filed a motion for a protective order. Insofar as it is relevant to this case, the Insurer asserted in its motion that, so long as the appeal in *Argonaut Ins. Co.* was pending in this court, the trial court was divested of jurisdiction as to any and all issues in the case, including the authority to sanction ongoing discovery. The trial court denied the Insurer's motion for a protective order, but it did certify its order for immediate review. The present appeal results from this court's grant of the Insurer's application for an interlocutory appeal from the denial of its motion for a protective order.

"It is true that a trial judge loses jurisdiction of a case which has been taken to a court of review . . . and as to all matters covered therein he is without further authority. [Cits.]. . . . [However,] '[t]he general rule that a case leaves the jurisdiction of the trial court when an appeal is perfected is not impinged by holding that purely collateral or supplemental matters are left under the control of the trial court notwithstanding the loss of jurisdiction over the case taken to the higher court.' . . . 'Matters independent of and distinct from the questions involved in the appeal are not taken from the jurisdiction of the trial court. Such matters as the appeal does not cover are purely collateral or supplemental, lying outside the issues framed in the case, or arising subsequent to the delivery of the judgment from which the appeal is prosecuted.'" *Bivins v. McDonald*, 50 Ga. App. 299, 302 (177 SE 829) (1934). "Therefore, pursuant to [OCGA § 5-6-46], a notice of appeal, with payment of costs, serves as a supersedeas of the judgment (unless supersedeas bond be required), and 'while on appeal, the trial court is without authority to modify such judgment.' [Cits.] But the notice of appeal supersedes only the judgment appealed; it does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal. [Cits.]" *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982). Accordingly, what we must determine in this case is whether the pursuit of discovery by the Insured should be considered as a matter which was collateral to the issues raised in *Argonaut Ins. Co.*, supra, or whether the filing of the notice of appeal in that case served to oust the trial court from jurisdiction even as to matters of discovery.

In *Cohran v. Carlin*, supra, it was held that the trial court was authorized to sanction the pursuit of discovery in the main action during the pendency of an appeal from the grant of summary judgment in the third-party action. In the present case, unlike in *Cohran*, however, the only action that was ever filed in the trial court was the

Insured's main action and both of the claims which the Insured had stated in that main action were pending before this court in *Argonaut Ins. Co. v. Atlantic Wood Indus.*, supra. Thus, unlike *Cohran*, the trial court's denial of the Insurer's motion for a protective order sanctioned the pursuit of discovery in a case which was, in all of its various aspects, then pending in this court. The Insurer urges that *Cohran* stands for the narrow proposition that discovery may continue only as to those legal issues which are still pending in the trial court and does not stand for the broader proposition that discovery is itself collateral and may continue even as to any matter which is then pending in the appellate court. According to the Insurer, although the trial court may be authorized to sanction discovery as to any collateral matter which may be pending in the trial court, the pursuit of discovery as to an issue which is pending in the appellate court is not itself a collateral matter which the trial court is authorized to sanction.

Although *Cohran* is factually distinguishable, there is no reason for holding that the rationale of *Cohran* is dependent upon the existence of such facts as were therein presented. It has been held that, pending an appeal from an interlocutory order denying the functional equivalent of a motion to dismiss for failure to state a claim, the trial court is nevertheless authorized to conduct a trial as to the merits of the claim. See *Young v. Reese*, 119 Ga. App. 179, 180 (1) (166 SE2d 420) (1969), cited with approval in *Cohran v. Carlin*, supra at 512 and 513. If the trial court is authorized to conduct the actual trial of a case during the pendency of an interlocutory appeal from the denial of a motion to dismiss for failure to state a claim, it would certainly follow that the concept of supersedeas is no impediment to the trial court's mere sanctioning of ongoing discovery during the pendency of an interlocutory appeal from the denial of such a motion. The discovery order from which the present appeal was taken in no way purported to affect — by reversing, affirming or enforcing — the specific interlocutory order which was the subject of the then pending appeal in *Argonaut Ins. Co. v. Atlantic Wood Indus.*, supra. Compare *Williams v. Natalie Townhouses &c. Assn.*, 182 Ga. App. 815 (357 SE2d 156) (1987) (holding that the trial court has no jurisdiction to undertake contempt proceedings to enforce the very judgment that has been superseded and is pending on appeal). Accordingly, we hold that the rationale of retained jurisdiction enunciated in *Cohran* extends to the entry of collateral orders by the trial court even as to that portion of the case which forms the underlying basis of the interlocutory appeal. An order which merely sanctions ongoing discovery as to a matter then pending in the appellate court and which does not purport to affect the merits or enforceability of that pending matter is a collateral order. "This holding will allow discovery to continue as to [inter-

locutory] matters pending in the [appellate] courts. . . . If the trial judge's [interlocutory] order is found to be correct on appeal, as it is in the clear majority of cases, the final trial and disposition of the litigation will have been expedited. [Cit.]" *Cohran v. Carlin*, supra at 512-513.

Clearly, ongoing discovery as to the Insured's claims against the Insurers would be collateral to and would not purport to have a direct effect upon the trial court's ruling that the Insured's complaint did state a viable claim for breach of contract. Had we not granted the Insurer's application for an interlocutory appeal, the litigation would have been expedited, for the trial court's denial of the Insurers' motion to dismiss the Insured's breach of contract count was ultimately affirmed in *Argonaut Ins. Co. v. Atlantic Wood Indus.*, supra. Accordingly, although our present decision may have been reached at the expense of the expedition of the instant litigation, our decision will hopefully expedite the litigation of all future cases wherein interlocutory appeals are pending. In those future cases, the trial court will be authorized to allow discovery to continue, regardless of whether that discovery relates to the issue involved in the pending appeal or to an issue, if any, which remains in the trial court.

*Judgment affirmed. Deen, P. J., concurs. Sognier, J., concurs specially.*

Sognier, Judge, concurring specially.

I concur specially to note that I remain convinced that my reasons for opposing the grant of this interlocutory appeal are sound. This appeal was taken from the trial court's order denying appellant's motion for a protective order pending a prior appeal of other issues in the case. While I agree with the majority's statement that its opinion here may authorize a trial court, in future cases, to allow discovery to continue pending appeal, it distresses me that it does so at the cost of rendering an opinion which in my view is merely advisory in nature. For these particular litigants, simply *granting* this interlocutory appeal granted appellant by indirection, by means of the supersedeas provision of OCGA § 5-6-46 (a), that protection which it had unsuccessfully sought below, before this court had even *considered* the merits of its appeal. Because no discovery could proceed in the case while *this* appeal was under consideration, and this court has decided the other appeals in the case contemporaneously with this one, any decision rendered here is after the fact, and thus necessarily moot.

Decided May 27, 1988 —
Rehearing denied June 9, 1988 —

*Bobby Jones*, for appellant.
*John M. Hewson, Arnold C. Young*, for appellee.