76057, 76058. ARGONAUT INSURANCE COMPANY et al. v. ATLANTIC WOOD INDUSTRIES, INC.; and vice versa.
(370 SE2d 765)

CARLEY, Judge.

Appellee-cross-appellant Atlantic Wood Industries, Inc. (Insured) filed a two-count complaint, alleging that it was or, at some point, had been afforded liability coverage under policies which were issued by appellant-cross-appellees (Insurers). In Count One of its complaint, the Insured sought "a declaratory judgment declaring that under the terms of the insurance policies issued by [the Insurers]: (a) [The Insured] is entitled to reimbursement of all its defense costs incurred so far or that may be incurred by [the Insured] in [connection with a specified administrative proceeding] or any similar future actions; and (b) [The Insured] is entitled to a defense by [the Insurers] in the [specified administrative proceeding] and any similar future actions." Count Two of the Insured's complaint purported to allege a breach of contract claim against the Insurers. The relevant allegations as to this breach of contract count were that the Insurers' "failures to defend [the Insured] in the [administrative] action constitute material breaches of the insurance contracts they issued. . . . As a result of [the Insurers'] breaches of their insurance contracts, [the Insured] has

suffered and continues to suffer actual damages in the amount of the defense cost [that the Insured] . . . [has] incurred and [the Insured] is incurring with respect to the [administrative] action. [The Insured] requests an award of actual legal defense cost[s] incurred and to be incurred in the defense of the [administrative] action and for consequential damages and interest, as allowed by law."

The Insurers answered, denying the material allegations of the two-count complaint, and they subsequently filed motions to dismiss the Insured's petition for failure to state a claim. The trial court conducted a hearing on the Insurer's motions to dismiss. As to Count One of the complaint, wherein a declaratory judgment was sought by the Insured, the trial court granted the Insurers' motions to dismiss. As to Count Two, wherein a claim for breach of contract was alleged by the Insured, the trial court denied the Insurers' motions but certified this order for immediate review. Case Number 76057 results from this court's grant of the Insurers' application for an interlocutory appeal from the denial of their motions to dismiss the Insured's breach of contract claim. In Case Number 76058, the Insured cross-appeals from the grant of the Insurers' motions to dismiss the declaratory judgment claim.

## Case No. 76058

1. We will address the merits of the Insured's cross-appeal first. As indicated, the issue to be resolved is whether the portion of Insured's complaint which sought a declaratory judgment as to the existence of coverage afforded by the Insurers and the right to a defense provided by them failed to state a claim upon which relief could be granted.

The trial court's grant of the Insurers' motions to dismiss the Insured's declaratory judgment count was based upon *United States Cas. Co. v. Ga. S. & Fla. R. Co.*, 95 Ga. App. 100, 103-104 (97 SE2d 185) (1957), wherein this court held: "[I]f the insured defends the action, and certainly the insured wants any action against it defended, and the insurer is not liable the insured has lost nothing for it would have only spent money to defend an action brought against it which was not covered by the insurance policy, and, if the insurer is liable, the insured can recover any sums spent by it to defend the action, and, if a judgment is rendered against it, the amount of the judgment up to the limits of the policy in a breach of contract suit against the insurer. All the rights of the parties under the insurance contract and the contracts or agreements were fixed at the time of the [alleged insurable event], and the [insured] is not in a position of having to take some action which, if taken without the aid of a declaratory judgment, might jeopardize its position. Accordingly, the trial court erred

in overruling the [motion to dismiss for failure to state a claim] filed by the insurance company. . . ." Thus, there can be no question but that so long as *United States Cas. Co.* remains the law of Georgia, the trial court correctly granted the Insurers' motions to dismiss the Insured's declaratory judgment count. The Insured urges, therefore, that this court use the present appeal as the vehicle for reconsidering the issue of whether an insured has the right to seek declaratory relief against his insurer and it further urges that, upon that reconsideration, we overrule the decision in *United States Cas. Co.*, supra.

Research indicates that Georgia appears to be one of the few jurisdictions, if not the only one, wherein the insurer but not the insured is entitled to seek declaratory relief as to the issues of the existence of coverage and the duty to defend. The legal rationale for such a seemingly one-sided rule has been challenged from the outset. The dissenters in *United States Cas. Co.*, supra at 104, noted: "[I]t is immaterial that the rights of the parties had already accrued and that the [insured] had a remedy at law against the casualty company for damages, attorneys' fees and expenses for a failure to defend the action. If the casualty company is obligated to defend the action against the [insured], by the terms of the insurance policy, the [insured] is entitled to have the case defended by the insurance company if it so desires. This is a legal right and the determination of the obligation of the insurance company is necessary in order that the [Insured] may determine its future action with reference to a defense of the case. It is no concern of the courts as to why the [insured] insists on the right to have the insurance company defend the case. It is enough that under the law and decisions of the Supreme Court, as we interpret them, it has a right to know what its rights are, as a guide for its future course." (Dissent of Chief Judge Felton and Judge Townsend.) Thus, from the very time of its original issuance, the holding in *United States Cas. Co.* has been subjected to a challenge. Because litigation has become a more commonplace factor in contemporary life and more insureds are, therefore, having occasion to invoke the liability coverages of their policies, an appellate reevaluation of the holding of *United States Cas. Co.* would, as the Insured suggests, be appropriate in a case such as the one at bar.

The Insurers urge, however, that, even if, after a reevaluation of *United States Cas. Co.*, a majority of this court was presently inclined to overrule it, we would nevertheless ultimately have no authority other than to follow its rationale in the present case. In urging that we are bound by *United States Cas. Co.*, the Insurers rely upon *Residential Dev. v. Merchants Indem. Co. of N. Y.*, 122 Ga. App. 503 (177 SE2d 715) (1970) aff'd 227 Ga. 332 (1971). In that case, this court, placing its reliance principally upon *United States Cas. Co.*, held that an insured's petition for declaratory judgment against his

liability insurer was properly dismissed for failure to state a claim. The Supreme Court granted certiorari and held: "After further consideration we are of the opinion that the Court of Appeals correctly decided this case ([cit.]) and its judgment is Affirmed." *Residential Dev. v. Merchants Indem. Co.*, 227 Ga. 332 (180 SE2d 729) (1971). The Insurers urge that the Supreme Court decision in *Residential Dev. v. Merchants Indem. Co.*, supra, is an implicit endorsement of the holding in *United States Cas. Co.* and that, as such, it would serve to preclude this court from reaching any disposition of the present case which is not consistent with the rationale of *United States Cas. Co.*

In response, the Insured suggests that interpretations of the Supreme Court's opinion in *Residential Dev.* as something other than an implicit endorsement of *United States Cas. Co.* are possible. However, no interpretation suggested by the Insured is more logical than that the Supreme Court did in fact intend that its opinion constitute an endorsement of this court's decision in *United States Cas. Co.* The Supreme Court in *Residential Dev.*, supra, did not merely affirm the judgment of this court. It held that this court had "correctly decided" the case. Since this court had based its opinion principally upon *United States Cas. Co.*, the Supreme Court's specific endorsement of this court's opinion as "correctly decided" would most logically be construed as an endorsement of the rationale of the legal authority relied upon therein.

Since this court is not free to ignore controlling Supreme Court authority, we are constrained to hold that the Insurers are correct in their assertion that, notwithstanding this court's present agreement or disagreement with the rationale of *United States Cas. Co.*, we are required to apply it in this case. Only our Supreme Court is authorized to reevaluate its implicit endorsement in *Residential Dev.*, supra, of the rationale of *United States Cas. Co.* and, after that reevaluation to overrule or to reaffirm that rationale. It follows that, pursuant to *United States Cas. Co.*, supra, as implicitly endorsed in *Residential Dev.*, 227 Ga. 332, supra, the trial court's grant of the Insurers' motions to dismiss the Insured's claim for declaratory relief must be affirmed.

### Case No. 76057

2. The Insurers' enumerate as error the denial of their motions to dismiss the Insured's breach of contract claim. The Insurers' primary contention is that the result of allowing the Insured to pursue a breach of contract claim would be the effective nullification of "the important policies underlying" the rationale of the declaratory judgment rule of *United States Cas. Co.* and would allow the Insured "to

obtain indirectly what [the *United States Cas. Co.* declaratory judgment] rule prohibits it from obtaining directly."

The duty of liability insurers, such as the Insurers in the present case, is not only to pay judgments which are rendered against the insured, but also to defend actions which are brought against him. See generally *Anderson v. U. S. Fid. & Guar. Co.*, 177 Ga. App. 520, 521 (339 SE2d 660) (1986). The Insured in this case seeks damages for the Insurers' alleged breaches of their contractual duty to provide it with a defense in a specified administrative proceeding. The very reason that has been advanced as support for the proposition that a declaratory judgment as to the existence of such a duty to defend is *not* an available remedy for the Insured provides support for the proposition that pursuit of an action at law by the Insured for breach of contract *is* a remedy which is available to him. "All the rights of the parties under the insurance contract . . . were fixed at the time of the [alleged insurable event], and the [insured] is not in a position of having to take some action which, if taken without the aid of a declaratory judgment, might jeopardize its position." *United States Cas. Co. v. Ga. S. & Fla. R. Co.*, supra at 103-104. Thus, the Insurers either were or were not required under the terms of their policies to undertake the defense of the Insured in the administrative proceeding. Likewise, the Insured would either be entitled to sue for breach of contract based upon the Insurers' refusal to have undertaken that defense or it would not. In Georgia, it is clear that an insured has a claim for breach of contract if the insurer refuses to afford a defense that it has contracted to provide. "[I]f the insurer is liable [under the policy], the insured can recover any sums spent by it to defend the action . . . *in a breach of contract suit against the insurer.*" (Emphasis supplied.) *United States Cas. Co. v. Ga. S. & Fla. R. Co.*, supra at 103. See also *Farlow v. Vigilant Ins. Co.*, 165 Ga. App. 696, 698 (302 SE2d 578) (1983) (holding that an insured has a breach of contract claim for the damages resulting from the insurer's actionable refusal to provide a defense).

It would appear that the Insurers in this case do not so much contest the Insured's ultimate right to seek damages for an alleged breach of contract to provide a defense as they challenge the Insured's timing in its seeking of those damages. The Insurers urge that the Insured would have no viable breach of contract claim prior to the entry of a "final judgment" in the administrative proceedings. It is true that, prior to the entry of such a "final judgment" in the administrative proceedings, the Insured's ultimate *liability* will not be ascertained and that the total amount that the Insured may have been damaged by the alleged breach by the Insurers of their duty to defend will not be determined. However, it is also true that the Insured's ultimate liability in the administrative proceeding is material only to

the Insurers' duty to indemnify, not to their duty to provide the Insured with a defense in that proceeding. The present inability to ascertain the total amount that the Insured will be forced to expend to defend itself is *not* a legal impediment to the Insured's existing right to seek legal relief for the Insurers' alleged breach of contract. " 'The fact that the decision in a pending lawsuit may largely affect a claimant's rights does not cause his right of action to accrue only upon the termination of such suit. His cause of action accrues independently of it, except when the pending suit is practically conclusive as to the nature and extent of his rights, or where his success therein is a prerequisite to his right to maintain the new action. . . . Under the rule that an action for a breach of contract may be begun before substantial damage has been sustained, a right of action accrues and the statute begins to run at the time the contract is broken, not at the time when actual damage results or is ascertained.' [Cits.]" *Mobley v. Murray County*, 178 Ga. 388, 396 (173 SE 680) (1934). " 'Under Georgia law, the statute of limitations runs from the time the contract is broken "and not at the time the actual damages result or is ascertained." [Cits.]' [Cit.]" *Space Leasing Assoc. v. Atlantic Bldg. Systems*, 144 Ga. App. 320, 324 (2) (241 SE2d 438) (1977).

The Insurers urge, however, that, notwithstanding the absence of any legal impediment, there is a valid contractual impediment to the Insured's right to assert a claim for the alleged breach of their duty to defend at any time prior to the entry of a "final judgment" in the administrative proceedings. The Insurers rely upon the presence in the policies issued to the Insured of a "no action" clause. There is authority for this proposition advanced by the Insurers. It is not, however, binding authority. See *Ginn v. State Farm &c. Ins. Co.*, 417 F2d 119 (5th Cir. 1969). The rule in Georgia is that the "no action" clause will bar the filing by an *injured party* of a pre-judgment direct action for indemnity against the insured party's liability carrier. See generally *Cotton States Mut. Ins. Co. v. Keefe*, 215 Ga. 830 (113 SE2d 774) (1960); *Thompson v. Bolton Chevrolet Co.*, 125 Ga. App. 369 (187 SE2d 574) (1972); *Krasner v. American Guar. &c. Ins. Co.*, 110 Ga. App. 468 (138 SE2d 921) (1964). Under controlling Georgia authority, the "no action" clause will not, however, bar the filing by the *insured party himself* of a direct pre-judgment action for breach of contract against his own liability insurer. The "no action" provision, " 'if permitted to become effective, should not operate in this case for the reason that the [Insurer] is alleged to have breached its contract. According to the . . . complaint, it has declined to perform the obligation of its undertaking in any way. It has refused to defend [the Insured] and has declined to meet the expenses contemplated by its contract. Under such circumstances it should not be permitted to interpose contractual provisions of a contract it has repudiated.' "

*Munday v. State Farm Fire &c. Co.*, 172 Ga. App. 382, 384 (2) (323 SE2d 193) (1984).

It follows that, contrary to the Insurers' contentions, the Insured's breach of contract claim is not an attempt to obtain indirectly what it cannot obtain directly. The assertion of the claim represents the Insured's direct attempt to obtain in legal proceedings exactly what the law authorizes it to obtain. An insured's claim for breach of contract based upon his insurer's failure to provide him with a defense states a claim for legal relief, notwithstanding the lack of a "final judgment" against the insured or the existence of a "no action" clause in the underlying policy. *Munday v. State Farm Mut. Fire &c. Co.*, supra. If any of the Insurers has a defense to the Insured's claim, it would be appropriate for that Insurer to file a motion for summary judgment on the merits of that defense. A motion to dismiss the breach of contract count for failure to state a claim would not, however, be appropriate. "A motion to dismiss a complaint should not be granted for failure to state a claim unless the complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim." *American Nat. Bank &c. Co. of Chattanooga v. Davis*, 241 Ga. 333, 333-334 (245 SE2d 291) (1978). It follows that the trial court correctly denied the Insurers' motion to dismiss the Insured's breach of contract claim.

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 27, 1988 —
REHEARINGS DENIED JUNE 9, 1988 — 

*Dennis M. Flannery, John H. Harwood II, Joseph K. Brenner, Bobby Jones, Joseph H. Barrow, James M. Thomas, James W. Greene, Frank B. Miller, Mary Lou Kramer, C. Michael DeCamps, Paul W. Painter, Jr., Benny C. Priest, John M. Tatum,* for appellants.

*Arnold C. Young, Gerald P. Norton, Edward A. Kurent, Waltraut S. Addy,* for appellee.