45975. ATLANTIC WOOD INDUSTRIES, INC. v. ARGONAUT INSURANCE COMPANY et al.
(375 SE2d 221)

WELTNER, Justice.

The trial court granted the insurers' motion to dismiss a declaratory judgment action brought by the insured to determine the obligation of the insurers to defend an action pending against the insured. That holding is consistent with a line of cases beginning with *United States Cas. Co. v. Ga. Sou. & Fla. R. Co.*, 95 Ga. App. 100, 103-4 (97

SE2d 185) (1957), which held that insureds are not entitled to a declaratory judgment concerning the existence of coverage in a specific insurance policy and the right to a defense. The Court of Appeals affirmed the trial court's dismissal and we granted certiorari to reconsider this holding. *Argonaut Ins. Co. v. Atlantic Wood Indus.*, 187 Ga. App. 471 (370 SE2d 765) (1988).

1. The opinion in that case, prepared by now Chief Judge Carley, aptly observes: "Because litigation has become a more commonplace factor in contemporary life and more insureds are, therefore, having occasion to invoke the liability coverages of their policies, an appellate reevaluation of the holding of *United States Cas. Co.* would, as the Insured suggests, be appropriate in a case such as the one at bar." 187 Ga. App. at 473.[1]

2. We agree that insureds should have the same opportunity as insurers to determine in advance the scope of policy provisions. OCGA § 9-4-1 provides:

> The purpose of this chapter [on declaratory judgments] is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and this chapter is to be liberally construed and administered.

3. Nothing in the statute prohibits an insured's action for declaratory judgment. To sanction it levels the ground for insureds and insurers alike.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 12, 1989.

*Hunter, Maclean, Exley & Dunn, Arnold C. Young*, for appellant.

*Miller, Simpson & Tatum, John M. Tatum, Doremus & Jones, Bobby Jones, Beckmann & Pinson, Joseph H. Barrow, Bouhan, Williams & Levy, James M. Thomas, Karsman, Brooks, Painter & Calloway, Paul W. Painter, Jr., Drew, Eckl & Farnham, Benny C. Priest*, for appellees.

---

[1] The Court of Appeals declined to undertake such a reevaluation. "Since this court is not free to ignore controlling Supreme Court authority, we are constrained to hold that the Insurers are correct. . . ." *Id.*, at 474.