46365. LEADER NATIONAL INSURANCE COMPANY v. KEMP & SON, INC.
(380 SE2d 458)

CLARKE, Presiding Justice.

The real question in this case, which concerns an accident in 1977 and has been to the Court of Appeals three times, is the extent of the exposure of appellee's insurer, Leader National, for breach of contract. When appellee Kemp & Son was sued for damages arising out of the 1977 accident, Leader National filed a declaratory judgment action asserting its belief that Kemp & Son was not covered under its policy. But, Leader National dismissed the action before judgment

and denied coverage. Appellee insured suffered a default judgment[1] beyond the policy limits and sued Leader National.

In *Leader Nat. Ins. Co. v. Smith*, 177 Ga. App. 267, 277 (339 SE2d 321) (1985), a previous appearance of this case, the Court of Appeals framed the question which is also the question in this appeal: "Whether the full amount of the judgments can be recovered when the insurer fails to defend under an obligation to do so. Or, on the other hand, is it protected by the policy limits?" The Court of Appeals found that the evidence showed that the company withdrew its defense without notifying the insured and that default judgments far above the policy limits were entered against the insured. The Court of Appeals concluded that whether the full amount of the judgments was recoverable was a jury question. The answer to this question depended upon what damages were found to flow solely from breach of the contract to defend. At trial the jury found in answer to specific interrogatories that: 1) there was coverage under the insurance contract; 2) the judgments against insured were incurred as a result of Leader National's breach of contract; 3) the damages to insured were proximately caused by Leader National's breach of contract; 4) insured is entitled to recover bad faith damages; 5) insured is entitled to recover attorney fees.

The Court of Appeals affirmed the judgment in *Leader Nat. Ins. Co. v. Kemp & Son, Inc.*, 189 Ga. App. 115 (375 SE2d 231) (1988). The sole question on certiorari is whether the trial court's charge to the jury on the question of damages was erroneous. The particular complaint of Leader National is that the court refused to charge that the possible recovery against Leader National was limited to the policy limits plus the cost of defending the suit and any amount in excess of the policy limits found to be caused by the wrongful denial of a defense. The charge given by the court was:

> The positive obligations of the insurer created by its unjustified refusal to defend are, number one, liability for the amount of the judgment rendered against insured; or two, liability, and two, liability for the expenses incurred by the insured in defending the suit; and three, liability for any additional damages that are traceable to its refusal to defend the action.

---

[1] We use the descriptive phrase "default judgment" as it was used in the Court of Appeals opinion for the sake of consistency. In doing so, we recognize that this use does not comport with the traditional and statutory meaning of the phrase because Leader National Insurance Company filed an answer for the defendant in the underlying tort action in which the damages exceeding the policy limits were ordered. OCGA § 9-11-55. Although that case was not strictly speaking in default, it went to trial undefended.

That the charge was confusing is undeniable. Insofar as the charge might have led the jury to believe that the damages for breach of an insurance contract by a failure to defend always include the full amount of the judgment, the charge was also erroneous.

A careful study of the charge as a whole and a review of the specificity of the verdict interrogatories leads to the conclusion that neither the court nor the jury labored under a mistaken impression of the method for assessing damages. Even the portion of the charge complained of limits additional damages to those which are "traceable to its refusal to defend the action."

The trial court also charged the following language:

> Damages growing out of the breach of a contract, in order to form the basis for recovery, must be such as can be traced solely to the breach, must be capable of exact computation, must have arisen naturally and according to the usual course of things from a breach of such contract, and must be such as the parties contemplated as the probable result of the breach of the contract.

In addition to this, the jury specifically found in answer to the interrogatories propounded to it that the judgment against insureds was incurred as a result of Leader National's breach of contract, and that the damages to the insured were proximately caused by Leader National's breach of contract. Because of these facts, we cannot say that the jury misunderstood and misapplied the measure of damages. Certainly the trial judge understood there was no automatic entitlement to the full amount of the judgment. This conclusion is borne out by his charge quoted in this opinion and his presentation of the interrogatories to the jury. Even beyond this we note that during the charge conference with counsel, the trial judge specifically quoted from the Court of Appeals' opinion in the prior appeal of this case indicating an understanding that the jury must determine the extent of the damages.

The issue of proof of consequential damages was not raised at trial as part of the motion for directed verdict. A motion for directed verdict must state with specificity the grounds on which it is based. OCGA § 9-11-50 (a). Consequently, Leader National is precluded from raising this ground on appeal. *Grabowski v. Radiology Assoc.*, 181 Ga. App. 298 (352 SE2d 185) (1986).

*Judgment affirmed. All the Justices concur, except Marshall, C. J., Bell and Hunt, JJ., who dissent.*

HUNT, Justice, dissenting.

Where the underlying default judgment *exceeds* the policy limits,

the measure of compensatory damages for the insurer's wrongful refusal to defend includes the following:

(a) The policy limits as per the contract, and

(b) Damages directly caused by the failure to defend, such as, attorney fees and other costs of defense incurred by the insured, and that portion of the judgment exceeding the policy limits which, but for the failure to defend, would not have been awarded in the underlying action.

See *Argonaut Ins. Co. v. Atlantic Wood &c.*, 187 Ga. App. 471, 475(2) (370 SE2d 765) (1988) rev'd on other grounds, 258 Ga. 800 (375 SE2d 221) (1989); *Liberty Mut. Ins. Co. v. Atlantic Coast Line R. Co.*, 66 Ga. App. 826, 833 (2) (19 SE2d 377) (1942).

In this case the policy limits were $100,000. The underlying judgment was $667,000, for a wrongful death and personal injuries. The jury in the present case awarded $667,000, plus the costs of defense, and bad faith penalties. The only possible basis for the award of $667,000 was the erroneous charge of the trial court. The record on appeal reveals absolutely no evidentiary support for an award in excess of the policy limits plus costs of defense. Kemp offered no evidence to demonstrate the judgment would have been less had Leader defended.[1] He offered no such evidence because he contended, and the trial court apparently agreed, Leader was *automatically* liable for the amount of the default judgment, $667,000, which he referred to as "liquidated damages." I respectfully submit this was an erroneous analysis of the measure of damages. Because this analysis was so fundamental to the trial and to the jury instructions I do not believe it could be cured by other portions of the trial court's charge nor by response of the jury to written interrogatories. I would reverse the judgment of the Court of Appeals.

I am authorized to state that Chief Justice Marshall and Justice Bell join in this dissent.

DECIDED JUNE 22, 1989 —
RECONSIDERATION DENIED JULY 13, 1989.

---

[1] In a claim of this sort the policyholder could show, for example, that the damages awarded by default were excessive in some respect, or even that a liability defense existed which, if pursued by the insurance company, would have resulted in no award of damages. Actually, the carrier's motion for directed verdict should have been granted as to this aspect of the damages. I disagree with the majority that this motion was not properly stated to raise this issue.

*Hurt, Richardson, Garner, Todd & Cadenhead, Harold N. Hill, Jr., E. Clayton Scofield III, G. Terrell Davis, Dickey, Whelchel, Brown & Readdick, Terry L. Readdick, John E. Bumgartner,* for appellant.

*Jack Hutto, William H. Glover, Jr., Karen M. Krider,* for appellee.

*David M. Leonard, O. Elizabeth Bell, Terry R. Howell, John M. Hyatt,* amici curiae.