A89A1881. PACE et al. v. M. E. HUNTER & ASSOCIATES, INC.
A89A1882. PACE et al. v. BEN-TOM CORPORATION.
(392 SE2d 545)

CARLEY, Chief Judge.

The facts, insofar as they are relevant, are as follows: On the evening of December 20, 1986, 16-year-old appellant-plaintiff Mark Pace drove his vehicle to a series of parties and, over a five-hour period, drank several beers. Having apparently decided to return home, he drove down Northcrest Road for the purpose of gaining access to I-85 South. Some 200 feet from the foot of the Northcrest Road bridge over I-85, he drove under a set of overhead signs directing motorists to cross the bridge to gain access to I-85 South. At the foot of the bridge, he drove under another set of overhead signs directing motorists to cross the bridge and turn right to gain access to I-85 South. At the far end of the bridge, there was another set of overhead signs which directed motorists to make an immediate right turn to gain access to I-85 South. Despite these overhead signs, appellant crossed the bridge and turned left onto Frontage Road and continued to drive

in the erroneous belief that he was on the access road to I-85 South. There were no signs along Frontage Road to warn motorists of a sharp curve in the roadway. He lost control of his vehicle in the curve and was injured when his vehicle overturned.

As the result of his injuries, appellant Mark Pace and his parents brought this suit against appellee-defendants M. E. Hunter & Associates, Inc. (Hunter) and Ben-Tom Corporation (Ben-Tom). Hunter and Ben-Tom are the contractors for the erection of signs along Northcrest and Frontage Roads. The complaint alleged that the overhead directional signs that had been erected along Northcrest Road were negligently placed so as to misdirect those motorists seeking access to I-85 South onto Frontage Road, and further alleged that the failure to have erected the curve warning signs that were scheduled for placement along Frontage Road was a negligent omission. Hunter and Ben-Tom answered, denying the material allegations of the complaint. Subsequently, Hunter and Ben-Tom separately moved for summary judgment and the trial court granted both motions. The appeals from the trial court's orders on the two motions for summary judgment are hereby consolidated for appellate disposition in this single opinion.

## Case No. A89A1881

1. As against the allegation regarding the negligent placement of the directional signs along Northcrest Road, Hunter produced uncontroverted evidence that those signs had been erected in compliance with the plans and specifications of the Department of Transportation (DOT) and had been accepted by DOT. Accordingly, summary judgment was correctly granted in favor of Hunter as to this allegation of its liability for the mishap. *C. W. Matthews Contracting Co. v. Marasco*, 184 Ga. App. 150, 151 (361 SE2d 34) (1987).

2. As against the allegation regarding the negligent omission of curve warning signs along Frontage Road, Hunter does not contend that a breach of the contractual duty that it owed to erect those warning signs may not support a tort action brought by one who alleges that he was injured as the result of the absence of those signs. Instead, Hunter urges that appellants failed to prove that it was contractually obligated to have erected the curve warning signs along Frontage Road before December 20, 1986, so as to demonstrate that the absence of those signs on that date was a breach of its contract.

The record does show that appellants adduced no affirmative evidence that the absence of curve warning signs along Frontage Road on the date of the injury was, under the terms of Hunter's contract, a breach thereof. However, the initial evidentiary burden was on Hunter as the movant for summary judgment and, unless and until

that evidentiary burden was met, appellants were not required to show that a genuine issue of material fact remained as to Hunter's breach of its contractual duty. The record demonstrates that Hunter did not adduce affirmative evidence to show that the absence of curve warning signs along Frontage Road on the date of the injury was *not*, under the terms of its contract, a breach thereof. Accordingly, summary judgment in favor of Hunter was not authorized on the basis that no genuine issue of material fact remained as to its breach of contract in failing to have erected the warning signs along Frontage Road prior to December 20, 1986.

3. Hunter's primary contention in the trial court and on appeal is that summary judgment in its favor was authorized because the negligence of appellant Mark Pace was the proximate cause of his injuries.

Although there is evidence that appellant Mark Pace had several beers earlier in the evening, there is no evidence that he was driving under the influence of alcohol at the time of the mishap. Although the evidence also shows that, after turning off Northcrest Road, appellant Mark Pace drove down the unlighted Frontage Road at a speed which would not permit him to discover the existence of the curve so as to negotiate it safely, this would not demand a finding that, as a matter of law, he was negligent and that it was his negligence, rather than the alleged negligence of Hunter in failing to erect curve warning signs, which was the proximate cause of his injuries. "Ordinarily, what is negligence, contributory negligence, proximate cause, etc., are questions of fact for the determination of the jury, and it is only in plain and unmistakable cases that the court will undertake, as a matter of law, to solve such questions. It is not necessarily such a lack of ordinary care on the plaintiff's part as will defeat a recovery for the operator of a properly equipped automobile to drive it in the night at such a rate of speed that he can not stop it within the limit of his vision ahead. Whether he is to be chargeable with negligence or not depends upon what is reasonable under all the circumstances; and unless the facts shown unmistakably point to but one conclusion, the decision of that question is especially one for determination by the jury." *Doby v. W. L. Florence Constr. Co.*, 71 Ga. App. 888, 895 (1) (32 SE2d 527) (1944). See also *Turkett v. Central of Ga. R. Co.*, 117 Ga. App. 617 (161 SE2d 362) (1968). Accordingly, summary judgment in favor of Hunter was not authorized on the basis that no genuine issue of material fact remained as to whether appellant Mark Pace's own negligence was the proximate cause of his injuries.

4. The trial court correctly granted summary judgment in favor of Hunter as to its liability for the alleged negligent placement of the directional signs along Northcrest Road. The trial court erred in granting summary judgment in favor of Hunter as to its alleged negligence in failing to have erected the curve warning signs along Front-

age Road.

### Case No. A89A1882

5. As against the allegation regarding the negligent placement of the directional signs along Northcrest Road, Ben-Tom produced evidence that those signs had been erected in compliance with the plans and specifications of DOT and had been accepted by DOT. In opposition, appellants produced the affidavit of an expert who averred that the placement of the signs was not in exact compliance with DOT's plans and specifications. Appellants did not, however, produce any evidence to controvert Ben-Tom's showing that DOT had accepted the work. Thus, while a genuine issue of material fact might remain as to compliance with DOT's plans and specifications, the trial court nevertheless correctly granted summary judgment in favor of Ben-Tom on the basis that the work had been accepted by DOT. "The general rule is well established that an independent contractor is not liable for injuries to a third person, occurring after the contractor has completed the work and turned it over to the owner or employer and the same has been accepted by him, though the injury result from the contractor's failure to properly carry out his contract. [Cits.]" *Young v. Smith & Kelly Co.*, 124 Ga. 475, 476 (52 SE 765) (1905).

6. Appellants relied upon the theory of respondeat superior in alleging that Ben-Tom was vicariously liable for Hunter's failure to have erected the curve warning signs along Frontage Road prior to December 20, 1986. In support of its motion for summary judgment, Ben-Tom produced its contract with Hunter. Under the terms of that contract, Ben-Tom merely retained the right to dispense with Hunter's services in the event that Hunter failed to perform. This evidence showed that, in erecting the curve warning signs along Frontage Road, Hunter was an independent contractor, not Ben-Tom's servant. *State of Ga. v. Goolsby*, 191 Ga. App. 161 (381 SE2d 299) (1989). In opposition, appellants produced nothing to authorize a finding that Ben-Tom was Hunter's master or was otherwise vicariously liable for Hunter's alleged negligence. Accordingly, the trial court correctly granted summary judgment in Ben-Tom's favor as to its liability for Hunter's alleged negligent failure to have erected the signs along Frontage Road.

*Judgment affirmed in part and reversed in part in Case No. A89A1881. Judgment affirmed in Case No. A89A1882. McMurray, P. J., and Beasley, J., concur.*

Decided March 1, 1990 —
Rehearings denied March 20, 1990 — 

*Lawson & Davis, G. Thomas Davis, W. Anthony Moss, Lela L. Smith*, for appellants.

*Fain, Major & Wiley, Charles A. Wiley, Jr., Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., M. Diane Owens, Greene, Buckley, DeRieux & Jones, Steven J. Misner*, for appellee (case no. A89A1881).

*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Pat M. Anagnastakis*, for appellee (case no. A89A1882).