## A98A0670. LINCOLN COUNTY et al. v. EDMOND.
(501 SE2d 38)

ELDRIDGE, Judge.

Appellee James Edmond seeks recovery for injuries sustained during a multi-vehicle accident in Lincoln County. He filed suit against Lincoln County and the Lincoln County Board of Commissioners in their official capacities and against Jack Ferguson in his official capacity as Road Superintendent for Lincoln County. Lincoln County and the Board of Commissioners moved for summary judgment based upon the doctrine of sovereign immunity. Jack Ferguson moved for summary judgment based upon official immunity. The trial court denied both motions.

An application for interlocutory appeal was filed. We granted defendants' application, and, for the reasons that follow, we reverse the denial of summary judgment as to Lincoln County and the Board of Commissioners. However, we affirm the trial court's denial of summary judgment as to Superintendent Jack Ferguson.

Sometime in the early morning hours of October 3, 1994, after a heavy rainstorm, a tree fell across County Road 116 (Bethany Church Road) in Lincoln County. At approximately 6:00 a.m., while drinking coffee in a local service station, Road Superintendent Jack Ferguson was told by a friend that the downed tree completely covered County Road 116 and that "someone was going to wreck on it if they didn't do something about it."[1]

Thereafter, Ferguson finished his coffee, got into his county vehicle, and drove to the county shop to await the 7:00 a.m. arrival of his work crew. At approximately 7:30 a.m., Ferguson sent the work crew to attend to the fallen tree on 116, while he remained at the shop. En route, another downed tree was discovered and cleared by the men. The work crew then proceeded to the site of the fallen tree on County Road 116. Upon arrival at approximately 8:00 a.m., it was discovered that an accident had occurred. Between the time that Ferguson was informed of the downed tree at 6:00 a.m. and the crew's arrival at the tree, a tractor-trailer truck had jackknifed while attempting to avoid the tree. This caused the tractor-trailer to hit a vehicle in which appellee James Edmond was riding as a passenger. Edmond was injured.

Edmond filed suit. The complaint alleged that upon learning of the fallen tree on 116, Jack Ferguson had a duty to use his county vehicle to drive directly to the fallen tree and put out proper warning cones, lights, and devices. Instead, the complaint alleged, Ferguson improperly used his county vehicle to drive back to the shop in order to wait for other employees to report to work. Edmond contends that this improper use of a county vehicle was the proximate cause of his injuries, because such use caused a delay in warning other vehicles traveling on 116 about the fallen tree. *Held*:

1. *Sovereign Immunity.* The doctrine of sovereign immunity is applicable to the counties of this state. *Gilbert v. Richardson*, 264 Ga. 744, 747 (452 SE2d 476) (1994). However, "sovereign immunity is waived by any legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver." *Gilbert*, supra at 748. To that end, OCGA § 33-24-51 provides in pertinent

---

[1] Ferguson disputes that he was told the road was completely blocked. Otherwise, "[i]f the road had been completely blocked, I assume that I would have went on over there and set up the pickup with the flashing lights on it and then called for help when they [the work crew] got to the shop."

part that a county is authorized to purchase insurance to cover liability for injury arising by reasons of the "operation[ ] or use of any motor vehicle." OCGA § 33-24-51 (a). Further, if such insurance is purchased, "governmental immunity shall be waived to the extent of the amount of insurance so purchased." OCGA § 33-24-51 (b). Clearly, this is a legislative act that "specifically provides that sovereign immunity is waived and the extent of such waiver." *Gilbert*, supra at 748. Moreover, there is no dispute before this Court that Lincoln County has such insurance.

However, "procurement of insurance under this statute does not constitute a waiver of sovereign immunity in regard to damages caused by the county's negligence *not* connected with motor vehicles." (Emphasis supplied.) *Revels v. Tift County*, 235 Ga. 333, 335 (4) (219 SE2d 445) (1975); see also *Long v. Hall County Bd. of Commrs.*, 219 Ga. App. 853, 857 (467 SE2d 186) (1996). This point addresses the issue of causation in relation to a county's liability for the negligent use of a motor vehicle. In that regard, the plaintiff in this tort action, as in any tort action, must prove causation and damages. "With respect to causation, to recover damages in a tort action, a plaintiff must prove that the defendant's action [misuse of a county vehicle] was both the cause in fact and the proximate cause of [the] injury." (Punctuation and emphasis omitted.) *Rampell v. Williams*, 217 Ga. App. 292, 293-294 (457 SE2d 224) (1995).

Accordingly, given that sovereign immunity may be waived in this case pursuant to OCGA § 33-24-51, the only issue is whether the injuries sustained by plaintiff Edmond were *caused* by the *use* of Jack Ferguson's county truck. We find that they were not.

We hold that the *non*-use of a motor vehicle is not encompassed within the meaning of OCGA § 33-24-51 (a). In essence, Edmond's complaint is not that Ferguson used his truck improperly by driving to the shop, but, rather, that he *failed* to use it at all to drive to the fallen tree. As an example, if Ferguson had been told of the downed tree while at the county shop (as opposed to the service station), waited for his crew at the shop, and never entered his truck at all, plaintiff's allegation would be the same: that Ferguson "misused" his county vehicle by not immediately getting into it and driving to the fallen tree.[2] We cannot agree that negligent *use* includes the failure to use at all.

Thus, although plaintiff has fashioned a theory under which the county may be held liable, that theory must fail because the county truck assigned to Ferguson is only tangentially related to his failure

---

[2] By extension, policemen who do not respond timely to a 911 call have "misused" their vehicles, and firemen who are late on arrival have "misused" their vehicles.

to act, which is the true heart of plaintiff's complaint. Whether Ferguson's failure to act was negligent and the proximate cause of plaintiff's injuries is clearly a jury question. But, equally clearly, the absent county truck was not *used* so as to be "both the cause in fact and proximate cause" of the injuries sustained by Edmond. *Rampell*, supra at 294; see *Roberts v. Burke County School Dist.*, 267 Ga. 665 (482 SE2d 283) (1997), reversing *Burke County School Dist. v. Roberts*, 220 Ga. App. 510 (469 SE2d 529) (1996). Without such "use," plaintiff's suit against Lincoln County and the Board of Commissioners is barred by the doctrine of sovereign immunity. The trial court's denial of their motion for summary judgment is error.

2. *Official Immunity*.

A suit against a public officer acting in his or her official capacity will be barred by official immunity unless the public officer (1) negligently performed a *ministerial* duty, or (2) acted with actual malice or an actual intent to cause injury while performing a *discretionary* duty. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d) (as amended 1991); *Teston v. Collins*, 217 Ga. App. 829 (459 SE2d 452) (1995). Herein, there have been no allegations of actual malice or intent to injure. Thus, suit against Ferguson, in his official capacity as Lincoln County Road Superintendent, can be sustained only if his actions were in the performance of a ministerial duty, and not a discretionary one.

It is undisputed that Jack Ferguson had a duty to remove the tree lying across County Road 116. County policy granted Ferguson the discretion to choose the manner in which this task would be performed. Such "discretion," however, did not change the fact that the tree *must* be removed. "[W]hen [the county] engages in the work of opening, closing, [clearing off,] or repairing a street, or building a sewer, and is thus engaged in the physical execution of the work, it is evidently in the discharge of duties purely of a ministerial nature. It follows that the actual progress of such work by a county is of a ministerial character, and that the duties of a road supervisor in carrying out the physical details of the work are likewise ministerial in nature." *Joyce v. Van Arsdale*, 196 Ga. App. 95, 97 (395 SE2d 275) (1990).

Accordingly, we find that the removal of the tree across the county road was the performance of a ministerial duty, not a discretionary one, regardless of the elements of "discretion" that may be present during the execution of the mandatory job. "[T]he execution of a specific task is characterized as ministerial even though the manner in which it is accomplished is left to the employee's discretion." *Joyce*, supra at 97, citing *Miree v. United States*, 490 FSupp. 768, 773-774 (N.D. Ga. 1980). As such, suit against Ferguson is not barred by official immunity. The trial court properly denied his

motion for summary judgment.

Moreover, this is not a plain and indisputable case where issues of negligence and proximate cause can be decided by the court as a matter of law on motion for summary judgment. "Ordinarily, what is negligence, contributory negligence, proximate cause, etc., are questions of fact for the determination of the jury, and it is only in plain and unmistakable cases that the court will undertake, as a matter of law, to solve such questions." (Punctuation omitted.) *Pace v. M. E. Hunter & Assoc.*, 195 Ga. App. 23, 25 (3) (392 SE2d 545) (1990). Under *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), on motion for summary judgment, the trial court must give the plaintiff, as the non-moving party, the benefit of all reasonable, favorable inferences, and the facts must be viewed in a light most favorable to the denial of the motion. Id.

Herein, there is evidence that for approximately two hours after allegedly being informed of the hazardous conditions created by a downed tree covering County Road 116, Jack Ferguson allegedly failed, as a part of his ministerial duties, to take action to remove the tree or to warn of the hazard created by the tree. During this two-hour period, an accident occurred that was allegedly caused by the presence of the fallen tree in the road and the lack of warning thereof. Plaintiff was injured during the accident. Thus, whether Jack Ferguson negligently performed his ministerial function to remove the fallen tree or to warn thereof is a jury question. As such, the trial court's denial of Ferguson's motion for summary judgment was not error as a matter of law.

*Judgment affirmed in part, reversed in part, and remanded for disposition not inconsistent with this opinion. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 1, 1998.

Barnhart, O'Quinn & Williams, Michael A. O'Quinn, Anne H. Whipple, for appellants.

Murray & Stewart, Malcolm S. Murray, Larry E. Stewart, Webb, Carlock, Copeland, Semler & Stair, Frederick M. Valz III, Jessica D. McKinney, for appellee.