A01A0226. EDMOND et al. v. CONTINENTAL INSURANCE COMPANY et al.

(548 SE2d 450)

ELLINGTON, Judge.

James and Dena Edmond appeal from the trial court's denial of their motion to dismiss this declaratory judgment action. The action arose from protracted personal injury litigation between the Edmonds and Jack Ferguson.[1] The declaratory judgment action was filed by Ferguson to determine Continental Insurance Company's obligation to defend Ferguson in the personal injury suit and its liability for an award of damages in the suit. In addition to denying the Edmonds' motion to dismiss, the trial court determined that Continental was obligated to defend Ferguson in the personal injury suit, but that it would not be liable for any judgments entered therein. For the reasons that follow, we affirm the trial court's order.

The relevant undisputed facts are as follows:[2] In October 1994, Jack Ferguson was employed as the Road Superintendent of Lincoln County. In the early morning hours of October 3, 1994, before reporting to work, Ferguson was having coffee at the Fast Times Service Station when an employee notified him that a tree had fallen on a county road. As Road Superintendent, Ferguson was responsible for the maintenance and upkeep of county roads, including the removal of fallen trees. After learning of the fallen tree, Ferguson continued to drink coffee instead of immediately reporting to work. Before Ferguson and his crew arrived to remove the tree, an accident had already occurred. In the accident, a truck driver attempted to avoid the tree, lost control, and hit a van head-on. James Edmond was a passenger in the van. Edmond suffered a damaged spinal cord and became a quadriplegic.

The Edmonds sued the truck driver, the trucking company, Lincoln County, the county Board of Commissioners, and Ferguson. In the complaint, James Edmond alleged that the collision resulting in his injuries was jointly and proximately caused by the negligence of

---

[1] Ferguson is deceased, and his wife, as executrix of his estate, has been substituted as plaintiff in the declaratory judgment action and as defendant in the underlying personal injury suit.

[2] Additional facts are presented in this Court's opinion in *Lincoln County v. Edmond*, 231 Ga. App. 871 (501 SE2d 38) (1998).

the truck driver and of Ferguson, who was acting "within his scope of employment with Lincoln County." In *Lincoln County v. Edmond*, 231 Ga. App. 871, 874 (1) (501 SE2d 38) (1998), this Court found that sovereign immunity barred the suit against Lincoln County and its Board of Commissioners, but that Ferguson was not entitled to official immunity for his failure to perform a ministerial act. Id. The Edmonds settled with every other party except Ferguson. On January 4, 1999, the Edmonds entered into a Limited Liability Agreement with Ferguson pursuant to OCGA § 33-24-41.1 (b). In the agreement, Ferguson's job-related insurance agreed to pay benefits under its policy. The Edmonds agreed not to pursue Ferguson's personal assets in exchange for his cooperation in their efforts "to pursue any and all rights to coverage which Jack Ferguson may have" under his personal insurance policy with Continental. The agreement also provided, however, that

> [i]t is expressly understood and agreed that this Limited Release is a settlement of claims for which the parties released hereby deny all liability and that by this release, the parties hereby intend merely to avoid litigation. This Limited Release *in no way prejudices the rights of the released parties to deny liability in any suit* based upon the said accident, casualty or event.

(Emphasis supplied.)

After the agreement was executed, the Edmonds continued to pursue the lawsuit against Ferguson in an effort to reach Continental's liability insurance benefits. In their amended complaint, the Edmonds asserted that "Jack Ferguson failed to timely report for work but remained on *personal leisure time* which was the proximate cause of the collision producing [James Edmond's] injuries." (Emphasis supplied.)

Continental refused to defend Ferguson in the Edmonds' lawsuit. Ferguson filed this declaratory action to determine the extent of Continental's obligations under the policy for defending the claim and, if necessary, indemnification. The Edmonds moved to intervene in the action and to dismiss it for lack of subject matter jurisdiction. The trial court granted their motion to intervene, but denied the motion to dismiss, finding that the declaratory judgment action was properly before the court.

1. The Edmonds claim that the trial court erred in denying their motion to dismiss. We disagree.

(a) The Edmonds argue that Ferguson lacked standing to bring the suit because, under the settlement agreement, Ferguson had been relieved of any personal financial liability for damages. The

agreement, however, was based upon OCGA § 33-24-41.1, which states in relevant part that a limited release under this statute shall not "[r]elease the tort-feasor from personal liability to the extent that there is other insurance in effect which covers the said claim or claims, but only to the extent of such other insurance." OCGA § 33-24-41.1 (d) (4). In other words, a limited release "does not affect the injured party's ability to obtain a judgment against the tortfeasor, but merely limits the tortfeasor's personal liability to the amount of available insurance coverage." *Rodgers v. St. Paul Fire &c. Ins. Co.*, 228 Ga. App. 499, 501 (1) (492 SE2d 268) (1997). Further, the agreement did not require Ferguson to concede that he was negligent, and Ferguson has declined to do so. Consequently, Ferguson will be required to defend against the pending personal injury suit.

In *Atlantic Wood &c. v. Argonaut Ins. Co.*, 258 Ga. 800, 801 (2) (375 SE2d 221) (1989),[3] the Supreme Court of Georgia held that when an insured is a defendant in a pending action, he can maintain a declaratory judgment action against his insurer to determine the scope of his insurance policy provisions, particularly the obligation of his insurer to defend him in the pending action. Therefore, the determination of whether Continental is obligated to defend Ferguson in the pending suit and, if necessary, indemnify him is an "actual controversy" that is appropriate for a declaratory judgment action. See OCGA § 9-4-2. The trial court did not err in denying the Edmonds' motion to dismiss.

(b) In addition, the Edmonds allege that Ferguson lacked standing to pursue the declaratory judgment because he had "contracted away" his right to the Continental benefits and "gave exclusive rights to the Edmonds to pursue Continental and totally transferred any cause of action [against Continental] Ferguson had under the policy." This allegation lacks merit.

The Edmonds failed to demonstrate any assignment or transfer within the agreement and, in fact, conceded in their answer to the declaratory judgment action that the personal injury suit against Ferguson is "derivative in nature." See *Rodgers v. St. Paul Fire &c. Ins. Co.*, 228 Ga. App. at 501 (1). Further, Continental never agreed to an assignment from Ferguson to the Edmonds, as required under the contract. The Edmonds also concede that, generally, an injured party cannot proceed directly against an insurance carrier until a judgment has been obtained against the insured, except with specific authorization. *Argonaut Ins. Co. v. Atlantic Wood &c.*, 187 Ga. App. at

---

[3] Reversing *Argonaut Ins. Co. v. Atlantic Wood &c.*, 187 Ga. App. 471, 474 (1) (370 SE2d 765) (1988), and overruling *United States Cas. Co. v. Ga. Southern &c. R. Co.*, 95 Ga. App. 100, 103-104 (97 SE2d 185) (1957) (holding that an insured cannot maintain a declaratory judgment action to determine its rights under an insurance policy).

476 (2); see also *Smith v. Commercial Union Assurance Co.*, 246 Ga. 50 (268 SE2d 632) (1980). The insurance contract itself precludes legal action against Continental until the obligation for damages has been determined by final judgment or Continental's written agreement. Because Continental refused to waive this requirement, and the Edmonds never obtained a valid assignment of Ferguson's right to sue Continental directly, the trial court did not err in refusing to dismiss Ferguson's declaratory judgment action for lack of standing.

2. The Edmonds claim that the trial court erred in finding that the business exclusion under the Continental insurance policy provided only a duty to defend Ferguson and not a duty to indemnify if Ferguson is found liable. The Continental policy states, in relevant part, that it does not cover liability: *"arising out of or in connection with a business engaged in* by a Covered Person. . . . This restriction applies but is not limited to an act or omission regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the business."* (Emphasis supplied.)

(a) In their amended complaint, the Edmonds alleged that Ferguson "decided to remain off work and to drink coffee" rather than report to work on the morning of the accident, so that the tree was not timely removed. They further alleged that Ferguson's failure to remove the tree was the proximate cause of the collision, even though Ferguson was on "personal leisure time" when the collision occurred. The Edmonds argue that, because Ferguson was on personal time, he was not "engaged in" his business and the Continental business exclusion should not apply. In rejecting this argument, the trial court properly held that "[i]f Ferguson was on 'personal time' . . . [he] had no more duty to remove or warn about the danger posed by the tree than a disinterested passerby." See *Handiboe v. McCarthy*, 114 Ga. App. 541, 543 (4) (151 SE2d 905) (1966) (where an injury is not due to the fault of an individual, there is no legal duty to afford relief or assistance). In this case, any duty that Ferguson owed to Edmond regarding removal or warning of the danger posed by the tree arose *"out of or in connection with"* Ferguson's employment and, therefore, fell squarely within the policy's business exclusion. See *Lincoln County v. Edmond*, 231 Ga. App. at 874-875 (2).

Notably, the Edmonds also argue in the alternative that Ferguson was *not* on personal time at the time of the accident but was, in fact, on the job 24 hours a day to respond to emergencies. Again, the trial court properly found that if Ferguson was on the job at the time of the accident, then any failure to perform his job duties was excluded by the plain language of the policy. The trial court did not err in finding that "Continental is not obligated to indemnify Ferguson for his alleged negligence, whether arising during his 'personal

time' or during [his] business."

(b) The trial court also properly found, however, that Continental was obligated to provide a defense in the Edmonds' personal injury suit, because its policy provided that

> "[i]f a claim is made or a lawsuit is brought . . . [w]e will defend the claim or lawsuit even if the claim or lawsuit proves to be groundless, false or fraudulent." . . . Therefore, the [trial court's] opinion about whether the allegations contained in the amended complaint are meritorious is immaterial to the Court's consideration [of] Continental's duty to defend. The Court hereby finds that the terms of the policy obligate Continental to defend Ferguson's estate in the underlying action.

We agree with the trial court that, unless and until the Edmonds dismiss their personal injury claim against Ferguson with prejudice, Continental will be obligated to provide a defense, even though Continental would not be required to indemnify Ferguson for damages awarded upon a finding of his liability. See *Penn-America Ins. Co. v. Disabled American Veterans*, 224 Ga. App. 557, 558 (481 SE2d 850) (1997); *Crook v. Ga. Farm &c. Ins. Co.*, 207 Ga. App. 614-615 (428 SE2d 802) (1993).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED APRIL 24, 2001 ▮▮▮▮▮▮▮▮

*Larry E. Stewart*, for appellants.

*Fulcher, Hagler, Reed, Hanks & Harper, David H. Hanks, Barnhart, O'Quinn & Williams, Michael A. O'Quinn*, for appellees.