## A02A1201. DIRECT GENERAL INSURANCE COMPANY v. DRAWDY et al.

### (572 SE2d 629)

PHIPPS, Judge.

May an automobile insurer bring a declaratory judgment action where it has informed its insured that its policy provides no coverage for a vehicular collision, but is nonetheless providing a defense under reservation of rights to the insured in a suit by the injured party seeking damages arising from the collision? That is the primary question for decision in this case. We answer the question in the affirmative and, therefore, reverse the trial court's dismissal of the insurer's complaint. The trial court's denial of the insurer's motion for summary judgment is, however, affirmed.

David Drawdy owned motor vehicles insured under an automobile policy issued by Direct General Insurance Company. While driving one such vehicle, Drawdy's nephew, William Drawdy, allegedly struck a vehicle owned by Billy Niles and occupied by three other individuals. Kenneth Chandler, Drawdy's passenger, was killed while Drawdy was attempting to evade the police in a high-speed chase after the collision. After counsel for Chandler's family and his estate gave William Drawdy notice of claims arising from the collision, Direct General sent letters to Drawdy and the Chandler family and estate advising them that it was denying the claims. The letters stated that the claims were being denied under a nonpermissive use exclusion in the policy, because Direct General's investigation revealed that William Drawdy was driving the car without David Drawdy's knowledge and permission.

Direct General thereafter filed a complaint for declaratory judgment against David and William Drawdy, the family and estate of Chandler, and the owner and occupants of the Niles vehicle. In its complaint, Direct General sought a declaration that, by virtue of the nonpermissive use clause in its policy, it would not be obligated to provide a defense to either of the Drawdys in any civil actions brought against them as a result of the collision.

During discovery it was revealed that David Drawdy had given William Drawdy permission to drive his car on the day in question, although he knew that William had no driver's license. Direct General then filed an amended complaint, contending that its insurance policy nonetheless provides no coverage for the collision because another clause in the policy excludes coverage when a car is driven with the insured's permission by a person who the insured knows does not have a valid driver's license.

Direct General subsequently moved for summary judgment. David Drawdy moved to dismiss the complaint for failure to state a claim upon which relief may be granted, on grounds that declaratory

relief is inappropriate where the insurer has denied coverage and no lawsuit is pending on the underlying claim. In opposition to the motion to dismiss, Direct General argued that declaratory judgment is appropriate because, as shown by the record, Chandler's estate filed suit against the Drawdys seeking damages arising from the collision after Drawdy moved to dismiss. Direct General states without contradiction that it is defending this lawsuit under a reservation of rights.

The trial court nonetheless granted Drawdy's motion to dismiss and denied Direct General's motion for summary judgment. Direct General appeals. Appellees' briefs have been filed by David Drawdy, Chandler's family and estate, and General Employees Insurance Company (which was added as a defendant below on the ground that it was named as a provider of uninsured motorist coverage in the Chandler suit).

1. Citing *Morgan v. Guaranty Nat. Cos.*[1] and *Empire Fire &c. Ins. Co. v. Metro Courier Corp.*,[2] appellees argue that a declaratory judgment action will not lie where as here the insurer has expressly denied coverage for the claims at issue. In reliance on *Colonial Ins. Co. v. Progressive Cas. Ins. Co.*,[3] Direct General argues that a declaratory judgment action will lie under the facts present here.

Our Supreme Court in *Morgan* recognized that "[t]he purpose of the Declaratory Judgments Act is 'to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.' [Cit.]"[4] The *Morgan* court concluded that an insurer needs no declaration to guide it as to any future action in those instances where it has denied coverage for a collision, refused to provide a defense in a suit brought against its insured by the injured parties, and a judgment has been entered in the suit. Consequently, the Court in *Morgan* held that a declaratory judgment action is not the appropriate procedural vehicle to litigate the issues of coverage and duty to defend in such instances. In *Empire*, this court followed *Morgan*.

In *Colonial*, an automobile insurer sought a declaratory judgment that it was not obligated to provide a defense, where the insured had been sued for damages as a result of a collision involving a car owned by her but being driven by her son. Prior to suit, the insurer informed the insured by letter that the collision was not covered, because her son was an unlicensed driver operating the automobile without her permission at the time of the accident. The letter,

---

[1] 268 Ga. 343 (489 SE2d 803) (1997).
[2] 234 Ga. App. 670, 671 (1) (507 SE2d 525) (1998).
[3] 252 Ga. App. 391 (1) (556 SE2d 486) (2001).
[4] 268 Ga. at 344.

however, further stated that it should be considered a qualified denial letter because the insurer would reconsider its position if additional information were provided by the insured. And when the driver of the other car filed suit against the insured, the insurer defended the suit under a reservation of rights and filed the complaint for declaratory judgment.

We held in *Colonial* that regardless of whether the letter was viewed as a qualified denial letter or as a strict denial letter, the insurer was not estopped from seeking a declaratory judgment because it changed the course it had charted in the letter by providing a defense in the underlying suit under a reservation of rights. Accordingly, the insurer's declaratory judgment action was held to be maintainable in *Colonial*. Our decision in *Colonial* is consistent with *Edmond v. Continental Ins. Co.*,[5] which holds that whether an insurer is obligated to defend its insured in a pending action is an actual controversy appropriate for declaratory relief.

Here, as in *Colonial*, a suit resulting from the collision has been filed, and, contrary to the position taken by the automobile liability insurer in its letters, it has proceeded to defend the suit under a reservation of rights. The trial court, therefore, erred in dismissing the insurer's complaint for declaratory judgment for failure to state a claim for relief.

Contrary to arguments advanced by appellees, the law does permit the plaintiff in a declaratory judgment action to amend its complaint to add a different ground for relief from that relied on in the original complaint.[6] The complaint is not subject to dismissal if either ground supports the claim for declaratory relief.[7]

2. Chandler's family and estate argue that, even if Direct General's declaratory judgment action is maintainable, application of the unlicensed driver exclusion in its policy violates public policy in this case because they are without uninsured motorist coverage. As authority, they rely on *Cotton States Mut. Ins. Co. v. Neese*.[8] In *Neese*, our Supreme Court held that, where an innocent injured party has no other recourse for recovery of his damages, certain exclusionary provisions in automobile insurance policies of the tortfeasor are unenforceable as a matter of public policy in view of Georgia's compulsory liability insurance law (but only to the extent of insurance required by such law).

Direct General does not dispute that *Neese* applies to an unli-

---

[5] 249 Ga. App. 338, 340 (1) (a) (548 SE2d 450) (2001).

[6] See generally *Peterson v. American Intl. Life Assurance Co.*, 203 Ga. App. 745, 747 (2) (417 SE2d 402) (1992).

[7] See generally *Hodges v. Youmans*, 120 Ga. App. 805, 809 (172 SE2d 431) (1969).

[8] 254 Ga. 335 (329 SE2d 136) (1985).

censed driver exclusion.[9] Instead, it maintains that Chandler, as well as the occupants of the Niles vehicle, have uninsured motorist coverage for the collision. Direct General, however, has shown by evidence of record only that the occupants of the Niles vehicle have such coverage. The family and estate of Chandler contest Direct General's assertion that Chandler was protected by uninsured motorist coverage. We, therefore, conclude that there is an issue of fact on the question. Accordingly, the trial court did not err in denying Direct General's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 30, 2002 —
RECONSIDERATIONS DENIED OCTOBER 24, 2002 ▮▮▮▮▮▮▮

*Swift, Currie, McGhee & Hiers, Henry L. Pruett,* for appellant.
*Buchanan & Land, Clay D. Land, Page, Scrantom, Sprouse, Tucker & Ford, Virgil T. Theus, Patrick J. Araguel, Jr.,* for appellees.

---

[9] In *Travelers Ins. Co. v. Progressive Preferred Ins. Co.*, 193 Ga. App. 864 (389 SE2d 370) (1989), we recognized that whether *Neese* applies to an unlicensed driver exclusion is debatable. We, however, did not decide the question because the injured party in that case had access to uninsured motorist coverage.