## A03A1311. SOUTHEAST SERVICE CORPORATION v. SAVANNAH TEACHERS PROPERTIES, INC.
### (588 SE2d 310)

JOHNSON, Presiding Judge.

Margaret Joan Lewis sued Savannah Teachers Properties, doing business as the Savannah Mall, in the State Court of Chatham County for damages incurred when she slipped and fell on a "gel-like substance" in the common area of the mall. Teachers Properties had previously contracted with Southeast Service Corporation for the performance of housekeeping and janitorial services at the mall. Under the terms of the service contract, Southeast Service agreed to indemnify and defend Teachers Properties from all claims asserted against Teachers Properties, "but only to the extent caused by the negligent acts or omissions of" Southeast Service. Relying on the indemnification provisions of the service contract, Teachers Properties filed a third-party complaint asking for a judgment against Southeast Service to the extent Teachers Properties was liable to Lewis. Teachers Properties also claimed that Southeast Service breached the terms of the service contract by failing to undertake Teachers Properties' defense of Lewis's action.

---

[11] See *S & A Indus. v. Bank Atlanta*, 247 Ga. App. 377, 381 (4) (543 SE2d 743) (2000).
[12] OCGA § 23-2-58.
[13] *Pfeiffer v. Ga. Dept. of Transp.*, supra.

More than two years after filing its third-party complaint, Teachers Properties filed this declaratory judgment action in the Superior Court of Chatham County.[1] Teachers Properties asked the trial court to declare that Southeast Service was obligated to provide a defense to Teachers Properties in the state court action and to indemnify it for any settlement or judgment in that action. Southeast Service moved to dismiss the declaratory judgment action. The trial court denied the motion. Pursuant to our grant of its application for interlocutory appeal, Southeast Service appeals the order of the trial court denying its motion to dismiss. We conclude that the trial court erred and reverse.

The purpose of the Declaratory Judgment Act is to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations."[2] However, "[a] declaratory judgment will not be rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction, in which the same questions may be raised and determined."[3] The question of Southeast Service's obligation to defend and to indemnify Teachers Properties was raised in the state court action through the third-party complaint. Teachers Properties is not entitled to a separate ruling on these pending issues.[4]

Furthermore, Southeast Service was only obligated to indemnify and defend Teachers Properties for claims caused by Southeast Service's negligence. Whether Southeast Service was negligent requires an inquiry into Lewis's slip and fall, an issue of fact already before the state court. "[D]eclaratory judgment proceedings are not available merely to settle a disputed issue of fact arising between parties which could be decided when necessary in the course of other litigation."[5]

Teachers Properties contends that the claims pending in the state court action are not duplicative of the declaratory judgment action because only the superior court has the power to grant injunctive relief requiring Southeast Service to provide a defense in the state court action.[6] We agree with Southeast Service that this is a distinction without a difference. The interests of Teachers Properties

---

[1] By that time, Southeast Service was a defendant, a defendant in a cross-claim, and a third-party defendant in Lewis's state court action.

[2] OCGA § 9-4-1.

[3] (Citation and punctuation omitted.) *Merrills v. Horace Mann Ins. Co.*, 214 Ga. App. 142, 143 (447 SE2d 112) (1994).

[4] *Norfolk & Dedham &c. Ins. Co. v. Jones*, 124 Ga. App. 761, 763-764 (2) (186 SE2d 119) (1971).

[5] (Citation and punctuation omitted.) *Southern Gen. Ins. Co. v. Crews*, 253 Ga. App. 765, 767 (560 SE2d 331) (2002).

[6] See OCGA §§ 23-1-1; 15-6-8 (2).

and Southeast Service in the state court action were adverse. Southeast Service could only provide a defense to Teachers Properties by paying for separate counsel. The service contract contemplated that Teachers Properties might assume responsibility for its own defense if Southeast Service refused to do so, provided that Southeast Service would remain obligated to reimburse its costs. We conclude that the availability of injunctive relief did not cause the relevant issues pending in the state court action to materially differ from those raised in the superior court.

In its order denying Southeast Service's motion to dismiss, the trial court recognized that the resolution of whether Southeast Service was obligated to defend Teachers Properties would likely not be reached until the conclusion of the state court action. As discussed above, Southeast Service's obligation to defend was substantively a question of whether Southeast Service would bear the costs of litigation. While declaratory judgment is available to afford relief from uncertainty and insecurity, we are unpersuaded that there was a compelling need to resolve the uncertainty or insecurity regarding Southeast Service's obligation to defend Teachers Properties before the conclusion of the state court action.

Relying on *Edmond v. Continental Ins. Co.*,[7] the trial court also concluded that resolution of an obligation to defend was appropriate for declaratory judgment. *Edmond* is based on

> *Atlantic Wood &c. v. Argonaut Ins. Co.*, 258 Ga. 800, 801 (2) (375 SE2d 221) (1989), [in which] the Supreme Court of Georgia held that when an insured is a defendant in a pending action, he can maintain a declaratory judgment action against his insurer to determine the scope of his insurance policy provisions, particularly the obligation of his insurer to defend him in the pending action.[8]

We are not aware of any authority relying on *Atlantic Wood* in which the insured and insurer were parties to the pending action, as is this case here.[9] *Edmond* and *Atlantic Wood* are not controlling.

We find that declaratory judgment was not available to Teachers Properties under these circumstances. Accordingly, the trial court erred in denying Southeast Service's motion to dismiss.

*Judgment reversed. Eldridge and Mikell, JJ., concur.*

---

[7] 249 Ga. App. 338, 340 (1) (548 SE2d 450) (2001).

[8] Id. at 340 (1) (a).

[9] Compare *Merrills v. Horace Mann Ins. Co.*, supra.

DECIDED OCTOBER 2, 2003.

*Forbes & Bowman, Morton G. Forbes, Scot V. Pool,* for appellant. *Brennan & Wasden, Shawn T. Richardson, James V. Painter,* for appellee.