**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 10, 2025**

# In the Court of Appeals of Georgia

A25A1018. PUBLIX SUPER MARKET, INC. v. COBB COUNTY.

PIPKIN, Judge.

Publix Super Market, Inc. ("Publix") appeals the dismissal of its declaratory judgment action against Cobb County. For the reasons discussed below, we affirm.

The record shows that, in 2018, Cobb County officials engaged three private law firms to investigate and prosecute claims related to the opioid epidemic in the county. The law firms agreed to represent Cobb County on a contingent fee basis and advance all of the costs of the mass tort litigation. That same year, the county attorney, with the assistance of the private law firms, filed a public nuisance action in the Northern District of Georgia, suing numerous manufacturers and distributors of opioids on behalf of Cobb County. The case was transferred to the U.S. District Court

for the Northern District of Ohio (Cleveland) as part of the national prescription opioid multi-district litigation, and Publix was added to this mass tort action in 2019.

During the federal litigation in Ohio, Cobb County acknowledged that it had engaged outside counsel to help represent it in the mass tort litigation. This caused Publix to file a complaint for declaratory and injunctive relief in Cobb County Superior Court against Cobb County in February 2023. Specifically, Publix sought a declaration that Cobb County's practice of hiring a private law firm on a contingency fee basis in the opioid litigation was void ab initio, and that Cobb County violated Georgia statutory law and the Georgia Constitution when it hired outside counsel to file and prosecute the public nuisance lawsuit.[1] Publix also sought injunctive relief for the same claims. Cobb County filed a motion to dismiss for failure to state a claim, for lack of subject matter jurisdiction, see OCGA § 9-11-12 (b) (1) & (6), asserted a claim of sovereign immunity, and also filed a motion to strike the complaint pursuant to

---

[1] More specifically, Publix cited OCGA § 41-2-2 (concerning the prosecution of public nuisance actions), § 36-10-1 ("All contracts entered into by the county governing authority with other persons in behalf of the county shall be in writing and entered on its minutes"), § 36-30-3 (a) ("One council may not, by an ordinance, bind itself or its successors so as to prevent free legislation in matters of municipal government"), § 36-60-13 (concerning counties entering into multi-year acquisitional contracts), and Ga. Const. of 1983, Art. IX, Sec. V, Par. 1 (the Debt Limitation Clause of the Georgia Constitution).

Georgia's anti-SLAPP Act, see OCGA § 9-11-11.1. After a hearing, the superior court granted the motion to dismiss.

On appeal, Publix asks this Court to reverse the superior court's decision, arguing that the superior court erred when it relied on the anti-SLAPP statue and in finding that Publix's complaint for declaratory relief failed to state a claim for relief. While we disagree with some of the trial court's reasoning, we agree with its ultimate conclusion. Because Publix's claims were "properly dismissed for a lack of subject-matter jurisdiction, . . . we affirm the dismissal under the right-for-any-reason doctrine." *Publix Super Market v. Rockdale County*, 375 Ga. App. 94, 95 (913 SE2d 851) (2025).

1. As an initial matter, we cannot ignore the import of this Court's decision in *Publix Super Market v. Rockdale County*. In that case, Publix filed a declaratory judgment action against Rockdale County in the Rockdale County Superior Court raising nearly identical issues regarding its hiring of a private law firm in the federal opioid litigation. This Court affirmed the superior court's dismissal of the case, concluding, among other things, that Publix did not have statutory standing to bring the declaratory judgment action. See id. at 97. Publix argues that *Rockdale County* is

3

factually distinguishable because, in that case, Rockdale County had dismissed its federal court public nuisance action whereas, in this case, Cobb County's public nuisance action against Publix is still pending. While we acknowledge the different procedural postures in these cases, based upon the record in this case and the law regarding declaratory judgments and subject-matter jurisdiction, we disagree that the legal analysis in *Rockdale County* is inapplicable here.[2]

2. Turning to the issue at hand, as this Court explained in *Rockdale County*,

The Declaratory Judgment Act ("the Act") authorizes courts to declare rights and other legal relations of any interested party in cases of actual controversy under OCGA § 9-4-2 (a) and in any civil case in which it appears to the court that the ends of justice require that the declaration should be made under OCGA § 9-4-2 (b). Under OCGA § 9-4-2 (a), the idea of an actual controversy is often described as standing to bring the suit, and subsection (b) of the Act broadens the scope of the Declaratory Judgment Act beyond actual controversies to include justiciable controversies.

Our Supreme Court has defined the term "justiciable controversies" as the existence of circumstances showing a necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest.

---

[2] At oral argument, without any briefing on this issue or any stare decisis analysis, Publix asked this Court to reconsider and potentially reverse our decision in *Rockdale County*. We decline to do so.

4

And, although the Act is to be liberally construed, pursuant to OCGA § 9-4-1, no declaratory judgment may be obtained which is merely advisory, or fruitless, or which merely answers a moot or abstract question.

(Citations and punctuation omitted.) Id. at 96-97. "[T]he justiciability of a declaratory judgment action presents a threshold question," *Perdue v. Barron*, 367 Ga. App. 157, 163 (2) (885 SE2d 210) (2023), and because this case comes to us from the trial court's ruling on a motion to dismiss, we review that decision de novo, see *Ashley v. Carstarphen*, 347 Ga. App. 457, 458 (820 SE2d 70) (2018). With these principles in mind, we turn to the legal questions at issue.

(a) Actual Controversy

In order to have standing under OCGA § 9-4-2 (a), the party seeking relief must show the existence of an actual controversy, and "[f]or an actual controversy to exist, a party must have some right at stake that requires adjudication to protect it." *Sons of Confederate Veterans v. Henry County Bd. of Commrs.*, 315 Ga. 39, 50 (2) (b) (880 SE2d 168) (2022). Here, Publix has failed to show what *public* right Cobb County has violated by its choice of counsel in the federal opioid litigation. Just as in *Rockdale County*, Publix's declaratory judgment action against Cobb County centers around the County's hiring of a specific firm to prosecute a specific case against Publix in federal

court. See *Rockdale County*, 375 Ga. at 98 ("[T]he complaint shows that the declaratory judgments Publix seeks are limited to voiding the County's arrangements with the specific law firm in that specific federal case, to which Publix was a party."). Thus, here, as in *Rockdale County,* the operative complaint makes clear that Publix "does not take issue, generally, with the County's hiring of private law firms or its payment agreements in toto, and thus its object is not to vindicate a public right." Id. Moreover, Publix has done nothing to assuage the comity concerns this Court voiced in *Rockdale County*, and it has not explained how this Court can order any sort of relief regarding a party's choice of representation in a federal court. See id. ("[W]e note that the relief Publix seeks would require a state trial court to, in essence, disqualify attorneys involved in a federal lawsuit, straining beyond reason all notions of comity between these courts."). See also *Southeast Svc. Corp. v. Savannah Teachers Properties*, 263 Ga. App. 513, 514 (588 SE2d 310) (2003) ("A declaratory judgment will not be rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction, in which the same questions may be raised and determined.") (Citation and punctuation omitted.) Consequently, Publix has failed to establish the existence of an actual controversy.

(b) Justiciable Controversy

Further, Cobb County's hiring of a private law firm in the federal case did not put Publix in a position of "uncertainty and insecurity" for the purposes of showing a justiciable controversy. (Citation and punctuation omitted.) *Baker v. City of Marietta*, 271 Ga. 210, 213 (1) (518 SE2d 879) (1999). See also OCGA § 9-4-2 (b). It is well settled that "[w]here the rights of the parties have already accrued and the party seeking the declaratory judgment does not risk taking future undirected action, a declaratory judgment would be advisory," and a "[d]eclaratory judgment will not be rendered based on a possible or probable future contingency." (Citation and punctuation omitted.) *Baker*, 271 Ga. at 214 (1). See *City of Atlanta v. Atlanta Indep. Sch. Sys.*, 307 Ga. 877, 880 (838 SE2d 834) (2020) ("[T]he relief sought by a plaintiff must have some immediate legal effect on the parties' conduct, rather than simply burning off an abstract fog of uncertainty."). Publix's arguments on appeal regarding its position of "uncertainty and insecurity" center around settlement negotiations that have either already occurred or that could potentially happen in the future. In other words, Publix's arguments in support of showing the existence of a justiciable controversy concern rights that have already accrued or are based upon a possible

future contingency. And "[e]ntry of a declaratory judgment under such circumstances [would be] an erroneous advisory opinion which rules in a party's favor as to future litigation over the subject matter[.]" *Baker*, 271 Ga. at 214 (1).

Because Publix's claims for declaratory judgment were nonjusticiable, we need not delve into its argument regarding the trial court's analysis of Cobb County's anti-SLAPP motion or its argument regarding the trial court's ruling on Cobb County's motion to dismiss for failure to state a claim. See *Rockdale County*, 375 Ga. App. at 100 (c). And, because the trial court properly dismissed Publix's cause of action for declaratory judgment, the trial court, likewise, properly dismissed Publix's request for injunctive relief based upon the same claims. See *Sexual Offender Registration Review Bd. v. Berzett*, 301 Ga. 391, 396 (801 SE2d 821) (2017).

*Judgment affirmed. McFadden, P. J., and Hodges, J., concur.*